**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS – NORTHERN OHIO, | : : : : : |
| Plaintiffs, | : **Case No. 2:26-cv-177** : |
| v. | : **Judge Michael H. Watson** : |
| | : **Mag. Judge S. Courter M. Shimeall** : : |
| FRANK LAROSE, in his official capacity as Ohio Secretary of State, | : : : |
| Defendant. | : : |

---

**DEFENDANT'S MOTION TO STAY DISCOVERY**

---

Defendant respectfully requests that this Court stay discovery pending a ruling on Defendant's motion to dismiss for lack of subject-matter jurisdiction. A more detailed explanation of the reasons for this Motion can be found in the attached Memorandum in Support.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
*Counsel of Record*
JULIE M. PFEIFFER (0069792)
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section

30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov
Tyler.Blair@OhioAGO.gov

*Counsel for Defendant*

## MEMORANDUM IN SUPPORT

## BACKGROUND

Defendant Frank LaRose moved to dismiss Plaintiffs' complaint on March 19. *See generally* Doc. 10. The motion attacked this Court's subject-matter jurisdiction because Plaintiffs lack standing to sue. *Id.* at PageID 100-06. The motion also argued that Plaintiffs' claims fail as a matter of law and must be dismissed. *Id.* at PageID 106-14. That motion remains pending, and, as of the date of this filing, Plaintiffs have yet to file a response in opposition. Nevertheless, per this Court's order, the parties submitted a Rule 26(f) report on April 1. *See* Doc. 17, Doc. 18. Accordingly, although the threshold issue of this Court's subject-matter jurisdiction remains unresolved, discovery may now commence by rule. Fed. R. Civ. P. 26(d)(1). But if this Court lacks subject-matter jurisdiction, any discovery will be for naught. Thus, to conserve the resources of the parties and this Court, Defendant therefore moves to stay discovery pending a ruling on his motion to dismiss.

## LAW AND ARGUMENT

A stay of proceedings is appropriate to conserve resources. The district court has discretion to grant a stay of proceedings, which is rooted in "'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Williams v. City of Cleveland*, No. 1:09CV02991, 2011 U.S. Dist. LEXIS 77773, * 3 (N.D. Ohio July 14, 2011) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). When district courts consider whether to stay proceedings, they engage in a "balance of hardships." *See Intl. Broth. Of Elec. Workers, Local Union No. 2020 v. AT & T Network Sys*, 879 F.2d 864, 1989 U.S. App. LEXIS 10266, at *23 (6th Cir. July 17, 1989). To determine whether to grant a stay of proceedings, courts consider the following factors: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4)

1

whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court. *Fowler v. AT&T, Inc.*, No. 2:23-cv-3172, 2024 U.S. Dist. LEXIS 88454, at *4 (S.D. Ohio May 16, 2024).

When a threshold legal question may dispose of the case, a trial court has broad discretion to stay discovery pending a determination of that question. *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Under this rationale, when claims may be dismissed "based on legal determinations that could not have been altered by any further discovery," a stay of discovery is often appropriate. *James B. Oswald Co. v. Dennis Neate*, 2022 U.S. Dist. LEXIS 172000, at *6 (N.D. Ohio Sept. 22, 2022) (staying discovery pending ruling on motion to dismiss). In such cases, conducting discovery while the motion to dismiss remains pending is nothing more than a court-sanctioned fishing expedition. *Id.*

This is such a case. Defendant's motion to dismiss presents a "threshold legal question" related to this Court's subject-matter jurisdiction: Plaintiffs' standing to sue. *See generally* Doc. 10. Because this Court has not yet assured itself of its jurisdiction over the case, a brief stay of discovery while the Court assesses its own jurisdiction is appropriate.  Further, all of the factors support a stay here.

*First*, a stay is necessary. Plaintiffs seek to use this court as a forum for their generalized grievances about the administration of Ohio elections. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (2024) ("Federal courts do not operate as an open forum for citizens to press general complaints about the way in which government goes about its business." (quotation marks omitted)). But they have no real stake in this litigation, which challenges state statutes that—even taking all the allegations in Plaintiffs' complaint as true—affect neither Plaintiffs nor their individual members. The doors of discovery do not open to Plaintiffs who simply disagree with the government; only those actually injured by government activity may pass through. A stay is

2

therefore necessary to prevent this lawsuit from devolving into a fishing expedition about Secretary LaRose's implementation of S.B. 293.

*Second*, this case is at its earliest stages. The motion to dismiss is not yet fully briefed. No trial date has been set, and there is no operative case management order. Plaintiffs have not yet issued any discovery requests, so a stay would not stop any pending discovery midstream.

*Third*, a stay of discovery will not prejudice Plaintiffs. According to the 26(f) report, Plaintiffs *do not* seek relief before the upcoming November 2026 election. Rather, they seek a trial date in September 2027. Doc. 18 at PageID 182. A stay of discovery leaves this Court ample time to rule on the pending motion to dismiss while permitting a fulsome period of discovery before September 2027, if Defendant's motion is ultimately denied. *See id.* (suggesting a nine-month discovery period following a denial of the motion to dismiss). Nor will a stay harm any third parties. If Plaintiffs are correct that S.B. 293 will result in the removal of otherwise qualified electors from the voter rolls, which Defendant disputes, those voters remain free to seek relief from this or any other court.

*Fourth*, a stay will simplify the issues here. If the Court agrees with Defendant and finds Plaintiffs lack standing, it will dismiss the case without putting the parties through the burden and expense of discovery. Further, Defendant's motion to dismiss for lack of subject-matter jurisdiction also included arguments that Plaintiffs' claims fail as a matter of law. Doc. 10 at PageID 106-14. Should the Court dismiss any of Plaintiffs' claims under Rule 12(b)(6), staying discovery will avoid expending resources on a fruitless claim.

*Fifth*, a stay will reduce the burden of litigation on the parties and the Court. Plaintiffs would be spared the time and expense of propounding and responding to discovery for claims that cannot survive as a matter of law. Similarly, a stay reduces Defendant's burden in expending resources answering discovery requests and otherwise defending a case that should ultimately be

3

dismissed. In addition to conserving the parties' resources, a stay prevents this Court from expending unnecessary judicial resources in conducting conferences or weighing in on any discovery-related disputes, particularly when those disputes might arise before it has affirmed its subject-matter jurisdiction over the case.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court stay discovery pending a ruling on Defendant's motion to dismiss.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Ann Yackshaw
ANN YACKSHAW (0090623)*
*Counsel of Record
JULIE M. PFEIFFER (0069792)
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov
Tyler.Blair@OhioAGO.gov

Counsel for Defendants

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2026, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

/s/ Ann Yackshaw

ANN YACKSHAW (0090623)
Assistant Attorney General