**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO; COUNCIL ON AMERICAN-ISLAMIC RELATIONS-NORTHERN OHIO,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK LAROSE, in his official capacity as the Ohio Secretary of State,<br><br>Defendant. | Case No.: 2:26-CV-00177-MHW-SCS<br><br>Judge Watson<br>Magistrate Judge Shimeall |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY DISCOVERY**

**INTRODUCTION**

Plaintiffs the League of Women Voters of Ohio ("the League") and the Council on American-Islamic Relations Relations-Northern Ohio ("CAIR-N.O.") challenge key provisions of Ohio Senate Bill 293 ("SB 293"), which overhauls Ohio's voter list maintenance regime. The law mandates systematic voter purges in the days and weeks preceding federal elections, relies on flawed databases that disproportionately target naturalized citizens, and authorizes removing voters from the rolls without prior notice or adequate process. SB 293 thus threatens Plaintiffs' core voter-registration activities and the voting rights of naturalized citizens across Ohio, including Plaintiffs' members and constituents.

The parties conducted their Federal Rule of Civil Procedure 26(f) meeting on March 30, 2026. Under Rule 26(d), Plaintiffs are now entitled to begin discovery. The Secretary nevertheless seeks the extraordinary relief of a stay pending resolution of his motion to dismiss. *See* Def.'s Mot. to Stay Discovery ("Mot. to Stay"), Dkt. No. 19. Such relief is reserved for "rare cases where a complaint patently lacks merit," *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2022 WL 1618447, at *3 (S.D. Ohio Feb. 8, 2022), and even then, only after weighing the movant's need for the delay against the hardship to the plaintiff or the public, *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008).

The Secretary cannot meet that standard. Plaintiffs present substantial facts and law establishing jurisdiction and viable claims, and they have a pressing need for discovery *now*—both to assess SB 293's implementation during the May 5 primary, which is only weeks away, and to help them mitigate the law's ongoing harm to eligible voters. The motion should be denied.

**ARGUMENT**

**I.** **This Court should not further stay discovery because the Secretary has failed to meet the required showing, and a stay would harm Plaintiffs and the public.**

Federal Rule of Civil Procedure 26(d) sets the default rules for timing of discovery. It allows discovery to begin after the parties' Rule 26(f) conference, unless the parties otherwise agree or a court makes a contrary order. Fed. R. Civ. P. 26(d)(1). Where a party seeks to depart from that default rule and stay discovery based on a pending motion to dismiss, it is only in "rare cases where a complaint patently lacks merit such that staying discovery pending resolution of a motion to dismiss is appropriate." *Wilson*, 2022 WL 1618447, at \*3. "[T]he fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Array of Soap, LLC v. Magnolia Soap & Bath Co. FRCH, LLC*, No. 2:25-CV-339, 2026 WL 617336, at \*2 (S.D. Ohio Mar. 5, 2026) (quoting *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245 (S.D. Ohio Sept. 16, 2010)). When a party seeks a stay pending resolution of a motion to dismiss based on lack of subject matter jurisdiction, a stay is warranted only if the jurisdictional issue is "clear-cut" against the plaintiffs and likely to result in dismissal. *Id.* at \*3. If the issue is "fairly debatable," that weighs against a stay. *Id.*

The party seeking to stay discovery also "bears the burden of showing both a need for delay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at \*2 (S.D. Ohio Dec. 10, 2020) (quoting *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. Of Ohio, E. Div*, 565 F.2d 393, 396 (6th Cir. 1977)). The Court ultimately has discretion in determining whether to stay discovery, *see Ohio Bell Telephone Co.*, 2008 WL 641252, at \*1, but it "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay," *Seattle House, LLC*, 2020 WL 7253309, at \*2 (quoting *Ohio Env't Council*, 565 F.2d at 396).

3

The Secretary has not made any showing that the jurisdictional issues are clear-cut against Plaintiffs in this case, that he has any need for a delay in commencing discovery, or that Plaintiffs and the public will not suffer harm in the event of a stay. Since he has failed to make any of these required showings, this Court should deny his motion.

    A.  <u>The Secretary's motion to dismiss does not make a "clear-cut" case that the Court lacks subject matter jurisdiction to hear Plaintiffs' claims.</u>

Last month, this Court reaffirmed the established standard that a stay of discovery based on a jurisdictional issue is only warranted if that issue is "clear-cut" and likely to result in dismissal, not if the jurisdictional question is at least "fairly debatable." *Array of Soap*, 2026 WL 617336, at *3. In doing so, this Court cited six other cases for the proposition that it "has often denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction." *Id.* at *3 (citing *Croce v. Sotheby's Fin. Servs. Inc.*, No. 2:23-CV-2896, 2024 WL 3082650, at *3 (S.D. Ohio June 21, 2024); *Ames v. LaRose*, No. 2:22-CV-2085, 2022 WL 11615872, at *3 (S.D. Ohio Oct. 20, 2022); *Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *2 (S.D. Ohio July 6, 2021); *Seattle House*, 2020 WL 7253309, at *3; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Ohio Bell Telephone Co.*, 2008 WL 641252, at *2). This list was not exhaustive. *See, e.g.*, *Orzolek v. Eligo Energy, LLC*, No. 2:25-CV-78, 2026 WL 322736, at *4 (S.D. Ohio Feb. 6, 2026) (denying stay of discovery based on pending motion to dismiss for lack of subject matter jurisdiction); *Hi-Vac Corp. v. Coley*, No. 2:23-CV-4184, 2025 WL 1936660, at *3–4 (S.D. Ohio July 15, 2025) (same); *Reynolds v. Air Line Pilots Ass'n Int'l*, No. 2:24-CV-1422, 2024 WL 4277817, at *3 (S.D. Ohio Sep. 24, 2024) (same); *L. Heating & Cooling LLC v. Int'l Ass'n of Sheet Metal, Air, Rail & Transp. Workers Loc. Union No. 33*, No. 2:23-CV-981, 2023 WL 8230012, at *3 (S.D. Ohio Nov. 28, 2023) (same); *Ohio ex rel. Yost v. Ascent Health Servs. LLC*, No. 2:23-CV-1450, 2023 WL 4836950, at *3 (S.D. Ohio July 28,

2023) (same); *Safelite Sols., LLC v. C Thru Auto Glass, LLC*, No. 2:21-CV-1957, 2021 WL 5354709, at *3 (S.D. Ohio Nov. 17, 2021) (same); *Hogan v. Cleveland Ave Rest., Inc.*, No. 2:15-CV-2883, 2017 WL 5005422, at *3 (S.D. Ohio Nov. 1, 2017) (same).

Here, Plaintiffs have pled sufficient facts to invoke the Court's subject matter jurisdiction. The Secretary has challenged whether Plaintiffs are likely to suffer an injury, either as organizations or on behalf of their members and member-like constituents. *See* Mot. to Dismiss at 6–12, Dkt. No. 10. But Plaintiffs adequately pled organizational and associational standing, *see* Compl., Dkt. No. 1, and responded to the Secretary's motion to dismiss by identifying these well-pled factual allegations supporting a likelihood of imminent future injury and cases supporting standing under extremely similar circumstances*, see* Plfs' Opp. to Mot. to Dismiss, Dkt. No. 21 at 4–11. This is certainly not the rare case where a glaringly obvious lack of subject matter jurisdiction makes a stay appropriate.

The Secretary does not even address this standard in his motion, let alone meet his burden. Rather, he suggests that the Court apply a five-part test that this Court has used to consider a stay of all proceedings that concerned a pending motion to *compel arbitration*, not a motion to dismiss. *See* Motion to Stay at 1–2 (citing *Fowler v. AT&T, Inc.*, No. 2:23-CV-3172, 2024 WL 2239821 (S.D. Ohio May 16, 2024)). Unsurprisingly, the Secretary has cited only one case where an Ohio district court stayed discovery pending a motion to dismiss for lack of subject matter jurisdiction. *See id.* at 2 (citing *James B. Oswald Co. v. Neate*, No. 1:22-CV-1107, 2022 WL 4386863, at *2 (N.D. Ohio Sep. 22, 2022)). But that case concerned a question of supplemental jurisdiction, where every claim except one—a claim under the Defend Trade Secrets Act—was a state law claim, unlike the federal-only claims here. Additionally, the Plaintiffs in *Oswald* had already served 33 subpoenas that the court separately quashed and concluded were unduly burdensome both because of the volume of information sought and because

5

Plaintiffs already had the evidence that they were seeking. *Id*. at \*1–\*2. The Court there also did not apply the well-trod standard of asking whether the jurisdictional issue was fairly debatable, though it appeared to lean on the fact that all but one of the claims were state-law based, and implicitly concluded that Plaintiffs would not face prejudice in not receiving the discovery they had sought because they already had already obtained the information they were requesting through other requests. *Id*. By contrast, this case raises only federal claims, Plaintiffs have not yet served any discovery and therefore could not duplicate an existing the contents of an existing request, and the jurisdictional arguments against Plaintiffs' claims are far weaker and, at best, fairly debatable.

This is not the rare case that justifies a stay of discovery pending resolution of a motion to dismiss.

B. The Secretary did not establish, or even assert, that he will be prejudiced if his motion to stay discovery is denied.

Even setting aside the strong precedent for denying discovery stays based on pending motions to dismiss, the Secretary fails to even argue—let alone meet his burden of showing—that he has any need for a delay or that he will be prejudiced if the motion is denied. The Secretary's motion only asserts that "a stay will reduce the burden of litigation on the parties and the Court" and will reduce "Defendant's burden in expending resources answering discovery requests and otherwise defending a case that should ultimately be dismissed." Mot. to Stay at 3–4. But expending resources to answer discovery requests when defending against plausible claims with the risk that the case may ultimately be dismissed is a description of the *ordinary* case. These normal costs of litigation do not establish any "need for delay". *Seattle House*, 2020 WL 7253309, at \*2. The Secretary's complaints reflect the typical burdens of litigation and do not meet his burden of showing need.

C. Plaintiffs and the public will be harmed if a further stay of discovery is granted.

Because the Secretary failed to assert any prejudice that he would experience if his motion were

6

to be denied, discovery should not be stayed. In contrast, Plaintiffs and the public face unwarranted harm if discovery does not proceed in the normal course.

SB 293 has already gone into effect. *See* Compl. ¶ 59. The 2026 primary election is weeks away, and the general election is seven months away. The Secretary has already begun, or soon will begin, running Ohio's voter rolls through Ohio's Bureau of Motor Vehicles ("BMV") database and the federal Department of Homeland Security's ("DHS") Systematic Alien Verification for Entitlements ("SAVE") system on a monthly basis and instructing boards of elections to promptly cancel the registrations of voters flagged through such checks. *Id.* ¶ 2. Because these sources of data are stale and certain to include outdated citizenship information for at least some naturalized citizen voters, this will lead to their erroneous removal, possibly without enough time for them to re-register in time to vote. *Id.* ¶¶ 3, 5. This will all occur under a statutory regime that, for those who have a prior noncitizen designation in one database, does not contain any provision for notice before an individual is removed from the rolls and that will only allow individuals back on the rolls if they present documentary proof of citizenship in a short timeframe. *Id.* ¶¶ 2, 88.

Plaintiffs represent both their own interests and those of their members and member-like constituents, including naturalized citizens who are at significant risk of erroneous removal because of SB 293. It is therefore imperative that Plaintiffs be able to commence discovery as soon as possible and to have discovery underway when the May 5 primary occurs so that they can begin understanding how SB 293 is being implemented, which will inform decisions about next steps in the litigation, including whether preliminary relief is necessary.

Additionally, Plaintiffs intend to conduct third-party discovery, including submitting a *Touhy* Request to DHS regarding the SAVE system. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462

7

(1951). The SAVE system has been in the midst of major upheavals since 2025 and has incorporated multiple sources of state and federal data to create a system known to misidentify naturalized citizens as noncitizens. *See* Compl. ¶¶ 45–58. Many questions remain about how SAVE is operating, the sources of data it is using, and the severity of its errors and their apparent cause, which are important to Plaintiffs' case. But *Touhy* requests can be time-intensive and sometimes spawn separate disputes between the party seeking discovery and the federal agency. *See* Zoe Niesel, *Terrible Touhy: Navigating Judicial Review of an Agency's Response to Third-Party Subpoenas*, 41 Cardozo L. Rev. 1499, 1548 (2020) (referring to Touhy requests as "a procedural anomaly that serves only to confuse an unsuspecting litigant with its complicated doctrine"). Plaintiffs would be harmed in their ability to protect their members and member-like constituents if they face a delay in learning more about how SAVE operates, particularly if that delay extends through either of the 2026 elections.

The public would also be harmed by a stay of discovery pending the resolution of the motion to dismiss. The League engages in a wide array of voter registration and engagement activities, including conducting "voter registration at naturalization ceremonies and at festivals celebrating various cultures and nationalities." Compl. ¶ 15. CAIR-N.O. also registers naturalized citizens and engages in other voter registration and engagement work. *Id.* ¶ 25. If Plaintiffs do not receive timely information about how SB 293 is being implemented and how the SAVE system is operating, they will be less able to share critical information—including about re-registration after removal or correcting erroneous information in state and federal databases—with the voting public. That SB 293 provides for removals without prior notice makes all of this more imperative.

**CONCLUSION**

Because the Secretary has not met his burden of showing that this is the unusual case justifying a stay of discovery based on a pending motion to dismiss, that he has a need for the stay, or that Plaintiffs and the public will not be prejudiced by the delay, the Court should deny the motion to stay discovery.

Dated: April 14, 2026

Respectfully submitted,

/s/ *Davin Rosborough*
Davin Rosborough*
Ethan Herenstein*
Nina Nayiri McKay*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
eherenstein@aclu.org
nmckay@aclu.org
slakin@aclu.org

Patricia J. Yan*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20001
(202) 457-0800
pyan@aclu.org

Freda J. Levenson (0045916)
(*Trial Attorney*)
Amy Gilbert (0100887)
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
Cleveland, Ohio 44103
(216) 541-1376
flevenson@acluohio.org
agilbert@acluohio.org

David J. Carey (0088787)
Carlen Zhang-D'Souza (0093079)
ACLU OF OHIO FOUNDATION, INC.
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
(380) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

Anna Baldwin*
Sejal Jhaveri (NY Bar. # 5396304)
Kate Hamilton*
Kate Uyeda*
Brendan Nigro*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org

9

khamilton@campaignlegalcenter.org
kuyeda@campaignlegalcenter.org
bnigro@campaignlegalcenter.org

*Admitted *pro hac vice*


*Counsel for Plaintiffs*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Davin Rosborough*
Davin Rosborough

11