**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS – NORTHERN OHIO, | : | |
| | : | |
| | : | |
| | : | |
| | : | **Case No. 2:26-cv-177** |
| Plaintiffs, | : | |
| | : | **Judge Michael H. Watson** |
| v. | : | |
| | : | **Mag. Judge S. Courter M. Shimeall** |
| | : | |
| | : | |
| FRANK LAROSE, in his official capacity as Ohio Secretary of State, | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

---

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO STAY DISCOVERY**

---

**INTRODUCTION**

"District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). That discretion should be employed to "serve the interests of judicial economy" and prevent unnecessary expenditure of resources on a case that will ultimately be dismissed. *Ryan v. Flagstar Bank FSB*, No. 2:23-cv-484, 2023 U.S. Dist. LEXIS 68146, at *2 (S.D. Ohio Apr. 18, 2023).

Here, Defendant has raised precisely the kind of "preliminary questions" that can dispose of this case: the subject-matter jurisdiction of this Court and the sufficiency of the Complaint. Plaintiffs' claims are the type of generalized grievances that federal courts are not empowered to

1

entertain, and their claims are based on speculative fears. Because proceeding while Defendant's Motion to Dismiss remains pending risks wasting the Parties' and the Court's limited resources on needless discovery, a brief stay is appropriate here.

Simply put, there is no need to rush. In fact, Plaintiffs are not seeking an expedited disposition of this case. This Court should grant a brief stay to allow itself the time to consider whether it has jurisdiction or Plaintiffs' claims are pled sufficiently.

A.      **Plaintiffs oversimplify the standard this Court employs to evaluate a motion to stay discovery.**

Plaintiffs contend that a discovery stay is appropriate only in "rare cases where a complaint patently lacks merit." Pls.' Opp'n Mot. Stay at 3, Dkt. 22 at PageID 220 (quoting *Wilson v. ThyssenKrupp Elevator Corp.*, No. 2:20-CV-2138, 2022 WL 1618447, at *3 (S.D. Ohio Feb. 8, 2022)). But that is not the standard governing stays sought on jurisdictional grounds. In fact, the full quote Plaintiffs cite from *Wilson* explains that the "rare cases" standard applies "absent a request to dismiss on the grounds of immunity or lack of jurisdiction." *Wilson*, 2022 U.S. Dist. LEXIS 92680, at *8–9; *see also Array of Soap, LLC v. Magnolia Soap & Bath Co. FRCH, LLC*, No. 2:25-cv-339, 2026 U.S. Dist. LEXIS 45439, at *6 (S.D. Ohio Mar. 5, 2026) (same). The opposite is true here: the question of this Court's jurisdiction is squarely in play, *see* Def.'s Mot. Dismiss, Dkt. 10, so the "rare cases" standard does not apply.

Rather, this Court has broad discretion to stay discovery where a pending motion presents a threshold legal question that may dispose of the case in its entirety. *See Hahn*, 190 F.3d at 719. (holding that a stay is appropriate when claims may be dismissed based on legal determinations that would not have been altered by any further discovery). The proper standard under these circumstances, as cited in Defendant's Motion, is a five-factor balancing test: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically

2

disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court. *Fowler v. AT&T, Inc.*, No. 2:23-cv-3172, 2024 U.S. Dist. LEXIS 88454, at *4 (S.D. Ohio May 16, 2024); *see also Nichols v. State Farm Mut. Auto. Ins. Co.*, No. 2:22-cv-16, 2022 U.S. Dist. LEXIS 72551, at *3 (S.D. Ohio Apr. 20, 2022) (employing substantially similar test).

Additionally, "[w]hen a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Boddie v. PNC Bank, NA*, No. 2:12-cv-158, 2013 U.S. Dist. LEXIS 14818, at *3 (S.D. Ohio Jan. 31, 2013).

**B.     The jurisdictional question here is a classic threshold question warranting a brief stay of discovery.**

Applying the appropriate five-factor test to this case demonstrates that a stay of discovery is appropriate.  First, a stay is needed because otherwise Defendant will be burdened by discovery in a case over which this Court lacks jurisdiction under current Supreme Court and Sixth Circuit precedent.  Second, this case is at its earliest stages, and there is no need to expedite the discovery process when the entire case may well be dismissed.  Third, Plaintiffs will not be unduly prejudiced by a brief delay in discovery: they are not seeking an expedited ruling in advance of the 2026 election.  Fourth, a stay will serve to simplify the issues because it will allow the jurisdictional prerequisite question to be resolved first.  And fifth, a brief stay would help preserve the resources of both the Parties and the Court because it has a high likelihood of obviating unnecessary discovery. *See also* Def.'s Mot. Stay at 2–4, Dkt. 19 at PageID 189–91 (discussing the factors in more detail).

When claims may be dismissed "based on legal determinations that could not have been altered by any further discovery," a stay of discovery is often appropriate. *James B. Oswald Co. v. Dennis Neate*, No. 1:22-cv-1107, 2022 U.S. Dist. LEXIS 172000, at *6 (N.D. Ohio Sept. 22, 2022).

3

That is the circumstance presented here.  Contrary to Plaintiffs' suggestion that the standing question is "fairly debatable," Pls.' Opp'n at 6, Dkt. 22 at PageID 223, Defendant's Motion to Dismiss demonstrates that Plaintiffs allege only generalized grievances about the administration of Ohio elections and fail to identify any injury to themselves or their members, Def.'s Mot. Dismiss at 6–12, Dkt. 10 at PageID 100–06.  The Supreme Court and the Sixth Circuit have emphasized in recent years that federal courts should conduct more exacting review of claims based on associational and organizational standing.  *See, e.g.*, *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 379 (2024); *Ass'n of Am. Physicians & Surgeons v. FDA*, 13 F.4th 531, 536 (6th Cir. 2021); *Tenn. Conf. of the NAACP v. Lee*, 139 F.4th 557, 562 (6th Cir. 2025).  Plaintiffs' claims rest on an outdated conception of standing that more recent precedent has repudiated.  They make little effort to demonstrate standing under these new, binding precedents, dooming their claim to dismissal.  *See* Def.'s Mot. Dismiss at 6–12, Dkt. 10 at PageID 100–06; Pls.' Opp'n Mot. Dismiss at 4–11, Dkt. 21 at PageID 199–206.

The Sixth Circuit summarized this situation well: "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).  Here, Defendant's Motion to Dismiss asks this Court to make "legal determinations" that are not going to be "altered by any further discovery," because they are based on purely legal questions that will be unaffected by discovery.

Plaintiffs' attempts to distinguish *Oswald* fall flat.  Pls.' Opp'n at 5, Dkt. 22 at PageID 222. The factual differences between *Oswald* and this case are immaterial because the relevant principle is the same: when federal jurisdiction is unresolved, courts should act with particular caution before authorizing discovery.  Defendant simply asks the Court to allow itself time to "assure itself

4

of its jurisdiction over the case's subject matter" "[b]efore [it] takes up a case's merits." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

Ultimately, Plaintiffs are correct that stays of discovery while a Rule 12 motion is pending are not routinely issued. Pls.' Opp'n at 3–5, Dkt. 22 at PageID 220–22 (collecting cases). But this is not a routine case. Plaintiffs' Complaint contains fatal defects that should be considered before proceeding into unnecessary discovery. The Court, of course, retains broad discretion in managing its docket, but these considerations strongly support a brief stay here.

**C.      Plaintiffs fail to identify any concrete prejudice caused by a brief stay.**

"[I]n considering a motion to stay discovery, 'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ryan*, 2023 U.S. Dist. LEXIS 68146, *2–3 (quoting *Ohio Valley Bank Co. v. Metabank*, No. 2:19-cv-191, 2019 U.S. Dist. LEXIS 84440, at *2 (S.D. Ohio May 20, 2019)).

Plaintiffs insist they have "a pressing need for discovery *now*" to investigate S.B. 293's implementation around the May 2026 primary and to prepare possible requests to DHS regarding SAVE. Pls.' Opp'n at 2, Dkt. 22 at PageID 219. Yet their own Rule 26(f) report confirms that they do not seek relief for the 2026 election cycle and instead anticipate dispositive motions being filed in May 2027 and a trial date in September 2027. Dkt. 18 at PageID 180, 182. As Defendant already noted, this provides ample time for discovery if the case proceeds. Def.'s Mot. Stay at 3, Dkt. 19 at PageID 190. Plaintiffs do not identify any discovery request they plan to serve, nor any specific information that will be irretrievably lost during the pendency of the Motion to Dismiss. If anything, the passage of time may actually help develop a record about the implementation of S.B. 293. Those additional facts would, in turn, further demonstrate the speculative nature of Plaintiffs' claims when the parade of horribles they have pleaded fails to occur.

Further, Plaintiffs' asserted need to explore DHS's SAVE system underscores why a stay is appropriate.  Pls.' Opp'n at 7, Dkt. 22 at PageID 224.  Those inquiries, which would be complex and time-intensive, and may involve potential *Touhy* disputes, represent a substantial burden on the Parties, the Court, and nonparty federal agencies.  Initiating that process before the Court confirms its jurisdiction would be inefficient and unwarranted.

**D.      Plaintiffs' claims confirm, rather than undermine, the need for a stay.**

Plaintiffs emphasize that S.B. 293 is already in effect and that data-matching processes may identify voters for removal.  Pls' Opp'n at 7, Dkt. 22 at PageID 224.  But these allegations highlight that Plaintiffs' theory of jurisdiction is attenuated.  The mere operation of the law does not create standing, and Plaintiffs have failed to identify any specific member who has been, or is likely to be, incorrectly removed from the voter rolls without notice; instead, they rely on generalized concerns about potential systemic risk.  Compl. ¶¶ 12–34, Dkt. 1 at PageID 3–8.  That is precisely the scenario in which federal courts should pause and verify Article III jurisdiction before delving into far-reaching discovery, because "[f]ederal courts do not operate as an open forum for citizens to press general complaints about the way in which government goes about its business."  *Alliance for Hippocratic Medicine*, 602 U.S. at 379.  Plaintiffs' arguments reinforce that this case raises exactly the type of generalized grievance that the Court is not authorized to resolve.

At the end of the day, because Defendant's Motion to Dismiss raises a dispositive threshold issue, because Plaintiffs will suffer no prejudice from a brief stay, and because allowing discovery to commence now would waste party and judicial resources, the Court should grant Defendant's Motion and Stay Discovery pending resolution of the Motion to Dismiss.

**CONCLUSION**

For the reasons set forth above and in Defendant's Motion to Stay Discovery, Defendant respectfully requests that this Court stay discovery pending a ruling on Defendant's Motion to Dismiss.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ Ann Yackshaw
ANN YACKSHAW (0090623)*
*Counsel of Record
JULIE M. PFEIFFER (0069792)
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov
Tyler.Blair@OhioAGO.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2026, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General

8