**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

LEAGUE OF WOMEN VOTERS OF
OHIO, *et al.*,                               :
                                              :
                   Plaintiffs,                :
                                              :        Case No. 2:26-cv-177
          v.                                  :        Judge Michael H. Watson
                                              :        Magistrate Judge S. Courter M. Shimeall
                                              :
FRANK LAROSE,                                 :
                                              :
                   Defendant.                 :

**OPINION & ORDER**

This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 19), wherein Defendant requests that the Court stay discovery pending a ruling on Defendant's Motion to Dismiss (ECF No. 10).  Defendant argues that a stay is appropriate because Defendant's Motion to Dismiss challenges the Court's subject-matter jurisdiction.  For the following reasons, Defendant's Motion to Stay Discovery (ECF No. 19) is **DENIED**.

I.      **LEGAL STANDARD**

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court."  *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014).  The Federal Rules of Civil Procedure "permit[ ] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'"  *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)).  As the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered."  *Bangas v. Potter*, 145 F.

App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In resolving a motion to stay discovery, a court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1 (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, Mar. 4, 2008)). "The Court [ ] must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977). The proponent of the stay bears the burden of showing the need for the stay and that "neither the other party nor the public will suffer harm from entry of the order." *Seattle House, LLC v. City of Delaware, Ohio*, No. 2:20-CV-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020) (citing *id.*).

## II.  ANALYSIS

Defendant has not demonstrated that a stay of discovery is appropriate. Although Defendant's Motion to Dismiss (ECF No. 10) challenges the Court's subject-matter jurisdiction, this Court has frequently denied stays of discovery in the face of motions to dismiss for lack of subject-matter jurisdiction. *See*, *e.g.*, *Ohio Bell*, 2008 WL 641252, at *2; *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013); *Seattle House*, 2020 WL 7253309, at *3; *Hopper v. Credit Assocs., LLC*, No. 2:20-CV-522, 2021 WL 2800707, at *2 (S.D. Ohio July 6, 2021); *Ames v. LaRose*, No. 2:22-CV-2085, 2022 WL 11615872, at *3 (S.D.

Ohio Oct. 20, 2022).  In such cases, the Court typically determines whether the jurisdictional issue is "clear-cut" and likely to result in dismissal (which weighs in favor of a stay), or "fairly debatable" (which weighs against a stay).  *See Ohio Bell*, 2008 WL 641252, at *2; *Seattle House*, 2020 WL 7253309, at *3.

The undersigned takes no position on the outcome of Defendant's Motion to Dismiss; however, the jurisdictional issues are best described as fairly debatable rather than clear-cut.  The parties vigorously dispute whether Plaintiffs have adequately pleaded organizational and/or associational standing.  Specifically, the parties disagree as to whether Plaintiffs have identified an injury to themselves or their members sufficient to establish standing under Article III and the applicable case law.  (*See* ECF No. 10, PAGEID ##: 99–106; ECF No. 21, PAGEID ##: 199–206.)  Thus, "there is little certainty at the moment concerning the issue of subject matter jurisdiction, and this uncertainty counsels against granting a stay of discovery."  *Ohio Bell*, 2008 WL 641252, at *2.

Further, Defendant has made no showing that responding to Plaintiffs' discovery requests will be unduly burdensome.  Although responding to discovery will entail some expenditure of time and resources, this is "the same burden that nearly every defendant in this Court faces in civil litigation."  *Young v. Mesa Underwriters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020).  And Defendant's contentions that the inquiries related to "Plaintiffs' asserted need to explore DHS's SAVE system . . . would be complex and time-intensive, [ ] may involve potential *Touhy* disputes[]," and "represent a substantial burden on the Parties, the Court, and nonparty federal agencies" amount to no more than speculation.  (ECF No. 23, PAGEID #: 234.)  "Alleged costs associated with discovery, without details of a specific burden, are unlikely to justify a stay of discovery."  *Malibu Media, LLC v. Doe*, No. 2:14-CV-

1132, 2015 WL 2128156, at *1 (S.D. Ohio May 6, 2015); s*ee also, e.g., City of Lancaster v. Flagstar Bank, FSB,* No. 10–cv–1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying the motion to stay discovery where the party filing the motion "ma[de] no effort to detail the specific burdens it will face from discovery in this case" and further did not "explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion").

Finally, Defendant's assertion that a stay of discovery will not prejudice Plaintiffs or the public is unavailing.  A plaintiff has an interest in the speedy resolution of its case.  *Array of Soap, LLC v. Magnolia Soap & Bath Co. FRCH, LLC*, No. 2:25-CV-339, 2026 WL 617336, at *4 (S.D. Ohio Mar. 5, 2026).  Put another way, a plaintiff has "a right to a determination of its rights and liabilities without undue delay."  *Ohio Env't Council*, 565 F.2d at 396.  Further, Plaintiffs' claims involve allegations of the potential unlawful cancellation of voter registrations.  To the extent that voting rights are at issue, the public likewise has a vested interest in having the controversy resolved sooner rather than later.  To that end, Federal Rule of Civil Procedure 1 states that the rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Application of these principles here weighs against granting a stay of discovery.

## III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay Discovery (ECF No. 19) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

4