## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

LEAGUE OF WOMEN VOTERS OF
OHIO, *et al.*,                                    :
                                                   :
            Plaintiffs,                            :
                                                   :        Case No. 2:26-cv-177
      v.                                           :        Judge Michael H. Watson
                                                   :        Magistrate Judge S. Courter M. Shimeall
                                                   :
FRANK LAROSE,                                      :
                                                   :
            Defendant.                             :

## PRELIMINARY PRETRIAL ORDER

The parties submitted their Rule 26(f) Report on April 1, 2026, and indicated their preference that the Court hold a preliminary pretrial conference prior to it issuing a scheduling order. (ECF No. 18.) Within the Rule 26(f) Report, the parties proposed differing case schedules based on the outcome of Defendant's request to stay discovery pending a ruling on Defendant's Motion to Dismiss. In the event that the Court denied Defendant's request for a stay, Defendant represented that it did not seek to alter any of the Plaintiff's proposed deadlines. (*Id.* at PAGEID #: 182.)

The Court conducted a telephonic preliminary pretrial conference on April 8, 2026. All parties were represented by counsel. After motions practice by the parties, the Court denied Defendant's Motion to Stay Discovery. (ECF No. 25.) Accordingly, the Court adopts Plaintiffs' proposed case schedule as outlined in the Rule 26(f) Report.[1]

---

[1] In the Rule 26(f) Report, Plaintiffs requested "that a trial date be set for not later than September 2027." (ECF No. 18, PAGEID #: 182.) At the April 8, 2026 preliminary pretrial conference, the Undersigned advised Plaintiffs that the district judge assigned to this case will set any trial date in this case.

**Rule 26(a)(1) Initial Disclosures**

The parties have agreed to make initial disclosures by **April 10, 2026**.

**Jurisdiction and Venue**

There are contested issues related to venue or jurisdiction.  Defendant has filed a Motion to Dismiss asserting a lack of jurisdiction.

**Amendments to Pleadings and/or Joinder of Parties**

Motions or stipulations addressing the parties or pleadings, if any, must be filed no later than **December 18, 2026**.

**Motions**

The following motions are pending:

- Defendant's Motion to Dismiss, filed March 19, 2026 (ECF No. 10).

**Allegations in the Pleadings and Jury Demand**

Plaintiffs challenge several provisions of Ohio S.B. 293 on the grounds that they violate the NVRA's quiet-period requirement, the NVRA's uniform and nondiscriminatory requirement for list maintenance programs, and the Due Process Clause of the Fourteenth Amendment by systematically cancelling voter registrations without prior notice, including in the 90 days leading up to federal elections.  Defendant argues that this Court lacks subject-matter jurisdiction because Plaintiffs lack standing and that the challenged provisions of S.B. 293 comply with the NVRA and the Due Process Clause of the Fourteenth Amendment.

There is no jury demand.

**Discovery Deadline and Limitations**

The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court.  If

2

the parties are unable to reach an agreement on any matter related to discovery, prior to filing a motion, they are directed to arrange an informal conference with the Court.

All discovery shall be completed by **April 6, 2027**.  For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.

The parties do anticipate the production of ESI.  The parties will meet and attempt to agree upon an ESI protocol.

The parties do intend to seek entry of a protective order or clawback agreement.

## Expert Disclosures

Primary expert reports, if any, must be produced by **February 19, 2027**.  Rebuttal expert reports, if any, must be produced by **March 19, 2027**.

If an expert is retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, the witness identification must consist of a report that conforms to Rule 26(a)(2), unless otherwise stipulated or ordered by the Court.

## Dispositive Motions

Case dispositive motions must be filed by **May 12, 2027**.

## Settlement

Plaintiff shall make a settlement demand by **May 20, 2027**.  Defendants shall respond by **May 27, 2027**. The parties agree to make a good faith effort to settle this case.  The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference in **June 2027**.  In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the

settlement conference.  The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

Referral to court-facilitated mediation has no effect on the case schedule.  All deadlines established in this Order will remain in place unless the parties move for and are granted a continuance or stay.  In the event the parties schedule a private mediation, they may notify the Court and request to be excused from participation in court-facilitated mediation.

**Other Matters**

Any party intending to seek attorney fees and costs as a prevailing party shall make quarterly reports to the other party disclosing the to-date accrued attorney's fees and costs.

If any date set in this Order falls on a Saturday, Sunday, or legal holiday, the date of the next business day will control.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

4