**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LEAGUE OF WOMEN VOTERS OF OHIO, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS – NORTHERN OHIO,** | : | |
| **Plaintiffs,** | : | **Case No. 2:26-cv-177** |
| **v.** | : | **Judge Michael H. Watson** |
| | : | **Mag. Judge S. Courter M. Shimeall** |
| **FRANK LAROSE, in his official capacity as Ohio Secretary of State,** | : | |
| **Defendant.** | : | |

## OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Pursuant to this Court's orders dated August 25 and August 31, Defendant LaRose hereby notifies the Court that Defendant opposes the proposed motion for protective order because it fails to adequately protect confidential voter information. *See* Doc. No. 33. Defendant will separately move for a protective order under Federal Rule of Civil Procedure 26 that orders Plaintiffs to cease all efforts to collect confidential voter information from the county boards of elections.[1]

[1] Defendant therefore limits the scope of this filing to the proposed protective order filed at Doc. No. 33. Defendant will separately argue for a protective order as to the documents requested in the underlying subpoena served on the Franklin County Board of Elections, as well as the subpoenas served on the other boards of elections.

## BACKGROUND

Ohio law requires the Secretary of State to conduct reviews of the statewide voter registration database on at least a monthly basis to identify persons who are not United States citizens. Ohio Rev. Code § 3503.152(A). Following this review, the Secretary must send reports to the boards of elections of the persons identified as not being United States citizens. Ohio Rev. Code § 3503.152(B)(1). The boards of elections must "cancel the person's voter registration." *Id*. Plaintiffs challenge the legality of these reviews under the National Voter Registration Act.

Plaintiffs served a subpoena on the Franklin County Board of Elections on June 22, 2026. *See* Exhibit A. The subpoena seeks copies of the "lists of registered voters identified as potential noncitizens and provided to Your office by the Ohio SOS." Ex. A at 4. That same day, Plaintiffs sent similar subpoenas to the Boards of Elections in Butler County, Cuyahoga County, Delaware County, Lucas County, and Union County. *See* Exhibit B. On August 24, Plaintiffs filed a proposed motion for protective order governing the Franklin County Board of Elections' production of confidential voter information pursuant to the June 22 subpoena. *See generally* Doc. No. 33.

The proposed protective order applies to "BOE Protected Material," which is material that the BOE designates as containing confidential voter information of Franklin County voters. Doc. No. 33 at PageID 372. The protective order further defines confidential voter information as:

> (1) a list or record identifying a person as a potential, suspected, or alleged noncitizen;
> (2) information linked to an identified voter concerning registration status or history, removal or cancellation, eligibility, citizenship review, or a referral to a governmental or law-enforcement entity;
> (3) a date of birth, voter-identification number, telephone number, email address, protected residential address, Social Security number, driver's-license or state-identification number, or other field excluded from public disclosure under Ohio Revised Code § 3503.13(A)(2) or other applicable law;
> (4) proof of citizenship;
> (5) information obtained from, generated by, or reflecting a query or result from the Systematic Alien Verification for Entitlements ("SAVE") program concerning a specific voter or voters; and

> (6) a notice or communication to or from an identified voter regarding citizenship, eligibility, registration, cancellation, or restoration."

*Id*. at PageID 373.

The protective order allows confidential voter information to be shared with counsel of record for Plaintiffs, independent experts or consultants, litigation-support vendors, copying vendors, database-hosting vendors, translation vendors, interviewees, potential witnesses, deponents, and hearing or trial witnesses, among others. Notably, confidential voter information may be shared with the parties to this action, the League of Women Voters and the Council on American-Islamic Relations, as well as their officers, directors, employees, or representatives to the extent that counsel determines that such access "is reasonably necessary." Doc. No. 33 at PageID 375.

The protective order requires recipients of confidential voter information to "use reasonable administrative, technical, and physical safeguards to protect" the confidential information. Other than a prohibition on placing confidential voter information in a "publicly accessible location" or uploading it to "a publicly available generative-artificial-intelligence service or other system that lacks confidentiality and data-security protections appropriate for confidential litigation material," no standards for administrative, technical or physical safeguards are provided.

The proposed protective order fails to protect confidential voter information and should be denied.

**ARGUMENT**

The proposed protective order should not be approved. District courts have broad discretion to determine "when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 306 (1984). Here, the proposed protective order does

not provide the appropriate degree of protection for sensitive voter information. The confidential personal information of hundreds of individuals and the preservation of the integrity and security of that information from indiscriminate disclosure are at stake.

Much of the information covered by the proposed protective order is made explicitly confidential by statute. Although much voter information is a public record subject to disclosure, many categories of voter information are statutorily confidential:

> (a) An elector's full or partial social security number, driver's license or state identification card number, telephone number, or electronic mail address;
>
> (b) A confidential voter registration record, as described in section 111.44 of the Revised Code;
>
> (c) The address of a designated public service worker, if the designated public service worker has submitted a redaction request to the board of elections under section 149.45 of the Revised Code;
>
> (d) An elector's proof of citizenship;
>
> (e) Any other information that is prohibited from being disclosed by state or federal law.

Ohio Rev. Code § 3503.13(A)(2). Additionally, Social Security numbers, driver's-license numbers, and state-identification numbers qualify as "personal information" under Ohio Rev. Code §§ 149.45(A) and 149.43. Ohio law requires the redaction, encryption, or truncation of Social Security numbers from any record that is made available on the internet and also requires the redaction of any kind of "personal information" upon request. Ohio Rev. Code § 149.45(B)–(C).

Here, the protective order explicitly calls for the full, unredacted production of many categories of statutorily confidential information: Social Security numbers, driver's-license and state-identification numbers, telephone numbers, and email addresses. *See* Doc. No. 33 at PageID 373. It also calls for the production of individuals' statutorily confidential "proof of citizenship."

*Id*. The protective order does not require the Franklin County Board of Elections to redact, truncate, or otherwise protect these categories of confidential information before disclosure to Plaintiffs. Plaintiffs, likewise, are not required to redact, truncate, or otherwise protect these categories of information before sharing records with the authorized recipients named in the order. *See* Doc. No. 33 at PageID 375. Nor are Plaintiffs or any subsequent recipients of the confidential voter information required to redact, truncate, or encrypt "personal information" as required by Ohio Rev. Code § 149.45.

Further, the protective order allows large, ill-defined groups, such as "interviewees, potential witnesses," "independent experts or consultants," "litigation-support, copying, database-hosting, and translation vendors," as well as any "officer[], director[], employee[], or representative[]" of the League of Women Voters or the Council on American-Islamic Relations, to access *all* confidential voter information produced by the Franklin County Board of Elections. Doc. No. 33 at PageID 375. Accordingly, under the plain terms of the protective order, an "interviewee" may access the full Social Security number, driver's-license or state-identification number, or proof of citizenship of any individual contained within the Franklin County Board of Elections' records. So may any employee of the League of Women Voters, provided that the League's counsel makes a standardless determination that such disclosure is somehow "necessary." Doc. No. 33 at PageID 375. Although the protective order requires some recipients to affirm that they will use confidential voter information solely for this action and not disclose it further, it does not require any recipient to comply with Ohio Rev. Code § 149.45.

The protective order calls for the wholesale production of confidential, personal information, yet it does not provide adequate data protections. The protective order says only that "reasonable administrative, technical, and physical safeguards" shall be used. Doc. No. 33 at

PageID 377. The protective order contemplates the production of the type of information most conducive to instances of identity theft if not protected. *See Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 386 (6th Cir. 2016) (discussing the theft of personal data, including names, dates of birth, marital statuses, genders, occupations, employers, Social Security numbers, and driver's license numbers). The Secretary's Office and the boards of election must comply with detailed data security requirements when handling sensitive voter information. *See* Election Official Manual Chapter 3: Security, available at https://www.ohiosos.gov/assets/dir2026-30-eom-chapter-3.pdf; Security of Critical Infrastructure, Directive 2026-20; *available at* https://www.ohiosos.gov/assets/dir2026-20-security-of-critical-infrastructure.pdf. Yet, the protective order imposes no concrete data-protection standards on this information.

Under any circumstances, a protective order blessing the production of full Social Security numbers, driver's-license or state-identification numbers, and proof of citizenship would raise substantial privacy concerns. But those concerns are heightened here. Plaintiffs seek the production of the "lists of registered voters identified as potential noncitizens and provided to [the Franklin County Board of Elections] by the Ohio SOS." Ex. A at 4. By operation of Ohio law, individuals on the voter rolls who are identified as noncitizens must be reported to the election integrity unit for further investigation. Ohio Rev. Code § 3503.152(B)(2). As such, these individuals may be subject to criminal prosecution for registering to vote as non-citizens. Yet, the protective order calls for the full, unredacted production of these individuals' Social Security numbers, driver's-license or state-identification numbers, proof of citizenship, and other personal information. These individuals have not chosen to intervene or participate in this lawsuit. Nor have they otherwise elected to share their personal, confidential information with Plaintiffs, two non-

governmental advocacy groups. Yet, Plaintiffs seek the approval of a protective order that blesses the unredacted production of these individuals' personal, confidential information.

This Court should deny the proposed protection order to avoid the unnecessary risk of compromising sensitive personal information. The sensitive information contained in the requested documents, coupled with the broad access permitted by the proposed order, risks unauthorized disclosure which could result in spillage and identity theft.

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court deny the proposed protective order. Defendant will separately seek a protective order to cease Plaintiffs' efforts to collect confidential voter information from the county boards of elections.

Respectfully submitted,

D. ANDREW WILSON
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
**Counsel of Record*
JULIE M. PFEIFFER (0069792)
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov
Tyler.Blair@OhioAGO.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2026, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General