# Exhibit A:

## Subpoena to Produce Documents and Attachment A

*Franklin County BOE*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

League of Women Voters of Ohio, et al.,

*Plaintiff*

v.

Frank LaRose, in his official capacity as the Ohio Secretary of State

*Defendant*

Civil Action No. 2:25-cv-00177

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Franklin County Board of Elections

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: American Civil Liberties Union of Ohio<br>1108 City Park Avenue, Suite 203<br>Columbus, Ohio 43206 | Date and Time:<br>07/24/2026 6:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/22/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Freda J. Levenson

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* League of Women Voters of Ohio, Council on American-Islamic Relations-Northern Ohio, who issues or requests this subpoena, are:

Freda J. Levenson, 4506 Chester Avenue, Cleveland, Ohio 44103; flevenson@acluohio.org; (216) 541-1376.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25 cv 00177

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LEAGUE OF WOMEN VOTERS OF OHIO; COUNCIL ON AMERICAN-ISLAMIC RELATIONS-NORTHERN OHIO,

Plaintiffs,

v.

FRANK LAROSE, in his official capacity as the Ohio Secretary of State,

Defendant.

Case No.: 2:26-cv-00177-MHW-SCS

Judge Watson

Magistrate Judge Shimeall

**ATTACHMENT A TO SUBPOENA DUCES TECUM TO FRANKLIN COUNTY BOARD OF ELECTIONS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS UNDER FRCP 45**

**DEFINITIONS**

For the purposes of these Requests only, Plaintiffs use the definitions set forth below:

1. "You" or "Your" refers to the Franklin County Board of Elections and any subdivisions or agents thereof.

2. "Ohio SOS" refers to the Office of the Ohio Secretary of State, Frank LaRose and his successors in office, and any subdivisions or agents thereof.

3. "Communication" is used in the broadest sense and means every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems. This includes transmission of information by oral, graphic, written, pictorial, electronic, or other perceptible means and the later memorializing of such transmission, including in e-mail, text messages, messages sent or received on internet websites or applications (including, but not limited to, Facebook, Facebook Messenger, WhatsApp, and Signal), memoranda of conversations, correspondence, data processing, pictures, or recordings.

4. "Document" is defined to be synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and it includes all forms of recorded information, without limitations. This encompasses all writings, correspondence (including, but not limited to, social

media messages, text messages, direct messages on platforms such as Facebook, X, and LinkedIn, and messages through common messaging applications such as WhatsApp, Signal, and Facebook Messenger), email communications, voicemails, voice message communications, memoranda, notes, drawing, graphic material, data compilations, contracts, agreements, charts, photographs, and records, whether stored in tangible, hard-copy, mechanical, or electronic form or representation of any kind. Email communication includes anything sent or received, including where the party was carbon copied ("cc'd") or blind carbon copied ("bcc'd"). All drafts, copies, or preliminary materials that are different in any way from the executed or final document shall be considered to be additional documents as that term is used herein. All e-mail records retained on personal and work cellular phones and SIM cards, personal work and home computers, centralized servers, cloud storage, and laptop computers are specifically included in this Request.

5. "Item" is defined as documents, communications, electronically stored information, and tangible things. *See, e.g.*, Fed. R. Civ. P. 34.

6. "Identify" means to state: a) in the case of a natural person, the person's name, business address and telephone number, employer, and title or position; and b) in the case of a person other than a natural person, the entity's name, website if any, the address of its principal place of business (including zip code), its telephone number, the name of its chief executive officer or other designated representative, and that person's telephone number.

7. "Concerning," "Reflecting," "Regarding," and "Relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, affecting, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, relating to, in relation to, reporting, stating, or summarizing.

8. "Policies, Procedures, and Training Materials" refer to standards, policies, protocols, procedures, directives, and/or instructions that govern Your conduct with respect to the matter(s) requested and any materials concerning any training or education received or engaged in with respect to those standards, policies, protocols, directives, and/or instructions.

9. "Form 10-BB" is the "Ohio Voter Registration Cancellation Notice – Noncitizen" prescribed for use by the Ohio Secretary of State in the Ohio Election Official Manual. *See* Off. of the Ohio Sec'y of State, Ohio Election Official Manual 4-55 (2025), https://www.ohiosos.gov/assets/2025-08_fulleom.pdf; *see also* Off. of the Ohio Sec'y of State, *Form No. 10-BB, Voter Registration Cancellation Notice – Noncitizen* (2026), https://www.ohiosos.gov/assets/e-form-10-bb.pdf. A "Form 10-BB" is defined to encompass this form prescribed by the Ohio SOS, as well as any other standard communication used by Your office to serve a related purpose of notifying a voter their registration is being cancelled due to noncitizen status.

10. "Individualized voter information" is defined to include:

    a. First name

    b. Last name

    c. Middle name or initial, if any

d. Street number and address

e. Apartment number, if any

f. City

g. State

h. ZIP Code

i. County

j. Mailing Address, if different

k. Date registered to vote, if any

l. Date of last update to registration, if any

m. Date of removal from the voter rolls (if removed)

n. Reason for removal from the voter rolls (if removed)

o. Information about steps taken to verify eligibility prior to removal (if removed)

p. Referrals to law enforcement or other government individuals after removal (if removed)

q. Phone number

r. Voter ID number assigned by the election official, if any

s. Form of voter registration (i.e., by mail, using the Federal Form, at the BMV, at a voter registration agency, etc.)

t. Date of birth

u. Race, if available

v. Gender, if available

**INSTRUCTIONS**

1. In construing these Requests, construe the term “including” to mean “including but not limited to.” Construe the terms “and” and “or” either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside that scope. Words used in the masculine gender include the feminine, and words used in the feminine include the masculine; and words used in the singular include the plural, and in the plural include the singular; verbs in the present tense include the past tense, and in the past tense include the present tense. If policies, procedures, or training materials responsive to the Requests changed or

change at any time during the period of the Request or between the time the Request was made and the date of Your response, include items related to any and all policies or procedures that were in effect during the time period in question.

2. To the extent there are no items responsive to a specific Request, state that no responsive item exists. If items that are specifically requested do not exist, provide the items available that are closest to those that are not available.

3. You are further requested to provide all portions of requested items that are not subject to a claim of privilege or other reason for nonproduction by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

4. If You object to or otherwise decline to answer any portion or aspect of a Request for production, provide all information requested by the remainder of the Request. If You object to a Request for production because it is too broad, provide all information that You concede is relevant. If You object to a Request for production on the ground that to provide an answer would constitute an undue burden, provide all requested information that can be supplied without undertaking the alleged undue burden. If You are providing less than a complete response to any Request, Your written response should clearly indicate any limitation on Your production.

5. To the extent responsive items rely on administrative or electronic codes, provide information sufficient to understand those codes, such as the name and description of the fields in the data and a description of each code.

6. Unless otherwise specified, these Requests seek responsive information, documents, communications, and items authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed during, or relating to, the period September 20, 2025 to the present, up to and including the trial of this lawsuit. To the extent You obtain further or different information after these Requests are served before trial is completed in this lawsuit, You are instructed to supplement your responses.

**REQUESTS FOR PRODUCTION**

1. Copies of any lists of registered voters identified as potential noncitizens and provided to Your office by the Ohio SOS. Each record should indicate the date on which the list was received by You.

2. Records reflecting the voter registration outcome and justification for each of the registered voters identified in the lists from Request #1. In other words, Your office's records concerning 1) which individuals were removed from the rolls after failing to respond to a Form 10-BB; 2) which individuals were removed despite responding to a Form 10-BB (and whether their registration was subsequently restored); 3) which individuals timely provided documentary proof of citizenship and were not removed; and 4) which individuals were not removed because of Your office's discovery or knowledge of the individual's citizenship.

3. If not encompassed by the lists of voters in Request #1, the individualized voter information of each of the individuals identified by the Ohio SOS as potential noncitizens and of any other persons issued a notice regarding their voter eligibility based on citizenship status.

4. Documents, communications, and items relating to the policies, procedures, and training materials provided by the Ohio SOS to You in relation to the implementation of Ohio Senate Bill 293 (136th Gen. Assemb.) ("SB 293").

5. Copies of all communications, directives, and guidance from the Ohio SOS on voter list maintenance on the basis of citizenship status. This Request encompasses all communications made by the Ohio SOS while providing the lists described in Request #1.

6. Documents and items relating to the policies, procedures, and training materials created or utilized by Your office in implementing SB 293. This includes records reflecting Your office's process for ascertaining the citizenship status of registered voters identified by the Ohio SOS as potential noncitizens, which encompasses both any general policies and practices and all steps taken to ascertain the citizenship status of any individual voter for that purpose.

7. All communications, notices, or other documents sent from You to registered voters alleged to be noncitizens, as well as any correspondence or other communications from registered voters in response to such outreach. To the extent not indicated by the communications themselves, each record should indicate the date on which such communication or notice was sent or received by Your office.

8. Documents, communications, and items relating to Your office's treatment of voter registrants identified by the Ohio SOS as potential noncitizens, but who respond to the notice sent to them providing documentary proof of citizenship *later than five business days* after Your office receives the list from the Secretary (and is thus instructed to cancel the registration). Please include any training materials, guidance documents, or other official statements of policy concerning list maintenance obligations for such registrants who respond later than five business days after Your office receives the list from the Ohio SOS or after such registrations were already canceled by Your office.

Date: June 22, 2026

Respectfully submitted,


*/s/ Freda J. Levenson*
Freda J. Levenson (0045916)
(*Trial Attorney*)
Amy Gilbert (0100887)
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
(216) 541-1376
Cleveland, Ohio 44103
flevenson@acluohio.org
agilbert@acluohio.org

David J. Carey (0088787)
Carlen Zhang-D'Souza (0093079)
ACLU OF OHIO FOUNDATION, INC.
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
(380) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

Patricia J. Yan
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. NW
Washington, DC 20001
(202) 457-0800
pyan@aclu.org

Anna Baldwin*
Sejal Jhaveri (NY Bar # 5396304)
Kate Hamilton*
Kate Uyeda*
Brendan Nigro*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
kuyeda@campaignlegalcenter.org
bnigro@campaignlegalcenter.org

Davin Rosborough*
Ethan Herenstein*
Nina Nayiri McKay*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
eherenstein@aclu.org
nmckay@aclu.org
slakin@aclu.org

*Counsel for Plaintiffs*

* Admitted *Pro Hac Vice*