**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

LEAGUE OF WOMEN VOTERS OF OHIO; COUNCIL ON AMERICAN-ISLAMIC RELATIONS-NORTHERN OHIO,

Plaintiffs,

v.

FRANK LAROSE, in his official capacity as the Ohio Secretary of State,

Defendant.

Case No.: 2:26-CV-00177-MHW-SCS

Judge Watson
Magistrate Judge Shimeall

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER**

On June 22, 2026, Plaintiffs served Rule 45 subpoenas for documents on the Boards of Elections for seven counties, including Franklin County, with notice to Secretary LaRose. *See* Opp'n to Mot. for Protective Order (Opp.), ECF No. 37 at PAGEID 387. Neither the Secretary nor the Boards moved to quash. When Plaintiffs and the Franklin County Board of Elections jointly sought a protective order governing the production of voter-related information, the Secretary objected—not to the subpoena itself, but to entry of the Protective Order.[1] The Secretary's arguments fail for three distinct reasons.

*First*, the Secretary's position is self-defeating. The Secretary never moved to quash or modify the subpoena itself. Instead, he seeks to prevent entry of an order that would impose *additional protections* on the voter information he claims must be kept confidential. If the Court denies the

[1] In seeking an extension of time to state his position as to the Protective Order, the Secretary represented that Plaintiffs opposed his request for an additional two weeks. Mot. for Extension, ECF No. 35 at PAGEID 384. That statement did not fully represent Plaintiffs' position: Plaintiffs indicated that they would agree to a nine-day extension.

Protective Order, however, Franklin County will remain obligated to produce the subpoenaed information without those protections. Denying the Protective Order would accomplish the opposite of what the Secretary claims to seek: it would leave the voter information less protected, not more.

*Second*—even if the Secretary could somehow use his opposition to the Protective Order to collaterally attack the underlying subpoena—his argument fails on its own terms. The Secretary identifies a number of categories that he asserts are confidential, but Plaintiffs do not seek the vast majority of such information. Other than phone numbers, which Plaintiffs do not concede are confidential, *see infra*, the information he identifies as confidential is not sought by the subpoenas, making his objections to that information irrelevant.

*Third*, as to phone numbers, the Secretary's objection rests on his contention that an Ohio statute concerning public-record requests prohibits their disclosure. *See* Opp. at PAGEID 389 (citing Ohio Rev. Code § 3503.13(A)(2)(a)). That argument fails because federal law—not state law—governs discovery in this federal-question case, so the cited state statute cannot control discovery. *See Hancock v. Dodson*, 958 F.2d 1367, 1372–73 (6th Cir. 1992). In any event, Ohio Rev. Code § 3503.13(A)(2)(a) governs disclosure of phone numbers in response to public-records requests; it has no bearing on civil discovery.

The Protective Order is appropriate and should be entered by the Court.

## ARGUMENT

*First*, the Secretary's objection to the Protective Order is self-defeating. The Protective Order applies to records produced in response to a subpoena that was served on June 22, 2026—more than three months ago—with a return date of July 24, 2026. *See* Subpoena to Produce Docs. and Attachment A, ECF No. 37-1 at PAGEID 395. Yet the Secretary still has not moved to quash the subpoena, or the identical subpoenas served on six other county Boards. Nor could he do so at this point. A timely "motion

to quash a subpoena must be made prior to the return date of the subpoena," and "the failure to timely file the motion requires denial of the motion." *United States v. Christiana Care Health Servs.*, No. 1:21-MC-22, 2022 WL 3042528, at *3–4 (S.D. Ohio Aug. 2, 2022) (quoting *Federal Trade Commission v. Trudeau*, No. 5:12-MC-35, 2012 WL 5463829, at *3 (N.D. Ohio Nov. 8, 2012)). The Subpoena's return date of July 24 has long since passed.

Having failed to timely challenge the subpoenas themselves, the Secretary instead seeks to block a protective order that would provide *additional safeguards* for voter information. That makes little sense. If the Court denies the Protective Order, Franklin County must produce the subpoenaed information without the protections that the proposed order would provide. Indeed, the custodian of the data, Franklin County itself, has already indicated that such a protective order would suffice to protect voter information by agreeing to the Protective Order. Mot. for Protective Order, ECF No. 33.

Protective orders facilitate discovery while protecting confidential information. They establish default rules requiring parties to "act in good faith in designating information as confidential," and reserve for the Court only disputes over confidentiality designations "if the parties cannot agree." *Ruiz-Bueno v. Scott*, No. 2:12-CV-0809, 2013 WL 6122399, at *2 (S.D. Ohio Nov. 21, 2013). But their "most important feature" is that they "permit discovery to move forward without unnecessary delay." *Id.* The Secretary should not be permitted to use opposition to a protective order as a backdoor means of challenging subpoenas he never moved to quash. Nor should he be permitted to further delay discovery that was served more than three months ago.[2]

[2] To the extent the Secretary had concerns about voter information, he could have raised them when entering the Stipulated Protective Order governing his production. *See* Stipulated Protective Order, ECF No. 29, at PAGEID 287–88. His failure to do so further militates against permitting him to raise those concerns now.

*Second*, even if the Secretary could use his opposition to the Protective Order to collaterally attack the underlying subpoena, his objections are largely irrelevant because Plaintiffs do not seek most of information to which the Secretary lodges objections. The Protective Order "applies solely to documents, electronically stored information, and testimony produced or provided by the Board in response to the subpoena served on it on June 22, 2026." Pls.' Mot. for Protective Order, ECF No. 33 at PAGEID 372. The subpoena seeks "lists of registered voters identified as potential noncitizens" provided to the Secretary, the disposition of those lists, and "the individualized voter information" of the individuals on those lists, as defined in the subpoena. *See* Attachment A to Subpoena, ECF No. 37-1 at PAGEID 401–02. The subpoena does not seek any of the information the Secretary identifies as confidential other than telephone numbers. Specifically, the subpoena does *not* seek "Social Security numbers, driver's-license numbers, and state-identification numbers," an "elector's proof of citizenship," or "email addresses." *Contra* Opp. at PAGEID 389; *see* Attachment A to Subpoena, ECF No. 37-1 at PAGEID 399–400.

By ignoring that the Protective Order applies only to the specific document production under this subpoena, and by disregarding the terms of the subpoena, the Secretary manufactures a dispute that does not exist except as to telephone numbers. Even if the terms of the Protected Order cover information broader than that requested by the Subpoena, it still would not expand the scope of the Subpoena.

*Third*, the Secretary's remaining objections—to the production of telephone numbers—rests on an inapplicable provision of Ohio public-records law. *See* Opp. at PAGEID 389 (citing Ohio Rev. Code § 3503.13(A)(2)(a). Federal law—not state law—governs discovery and privilege issues in federal-question cases. *Hancock*, 958 F.2d at 1372–73. What is more, Ohio Rev. Code § 3503.13(A)(1) does not even purport to create a privilege against disclosure in litigation. Rather, it governs which voter registration records are "subject to disclosure under" Ohio's public-records law. Ohio Rev. Code

§ 3503.13(A)(1). Plaintiffs, however, do not seek these records for public disclosure. They seek them through a subpoena and "under the court's protective orders"—that is, for "private disclosure for a limited use." *Marshall v. Bramer*, 828 F.2d 355, 360 (6th Cir. 1987). Indeed, "[d]ocuments produced during discovery are not 'presumptively public records.'" *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont De Nemours & Co.*, No. 2:09-CV-1081, 2011 WL 5835020, at *2 (S.D. Ohio Nov. 18, 2011) (quoting *The Courier Journal v. Marshall*, 828 F.2d 361, 367 (6th Cir. 1987)).

For these reasons, courts have rejected attempts to invoke Ohio public-records laws to shield relevant information from discovery subject to a protective order. In *Horizon of Hope Ministry v. Clark County*, 115 F.R.D. 1 (S.D. Ohio 1986), for example, the court rejected the argument that, "under Ohio statutory law," certain "records are confidential and therefore not discoverable" "in a federal civil rights action," explaining that "federal law applies to the determination of what evidence is privileged and discoverable." *Id.* at 6. Similarly, in *Kamenski v. Wellington Exempted Village Schools*, No. 1:14-CV-01589, 2016 WL 1732872 (N.D. Ohio May 2, 2016), the court rejected the contention that a plaintiff could not discover information "simply because state statutes may create a privilege," where, as here, "claims of privilege in this case are governed by federal law." *Id.* at *2; *see also, e.g.*, *Freed v. Grand Court Lifestyles, Inc.*, 100 F. Supp. 2d 610, 612 (S.D. Ohio 1998) ("There can be no doubt . . . that a state legislature cannot purport to make binding pronouncements of law concerning what evidence may be privileged or otherwise admissible in a federal court action involving claims based on federal law." (quoting *Baldwin v. Rice*, 144 F.R.D. 102, 106 (E.D. Cal. 1992))).

The same principles apply in the voting context. Federal courts have required disclosure of voting-related information under a protective order, even where the information may otherwise have been protected from disclosure under state public-records laws. For example, in *Saucedo v. Gardner*, No. 17-CV-183-LM, 2017 WL 10109878 (D.N.H. Oct. 27, 2017), involving New Hampshire's absentee-

ballot signature-matching process, the court held that, "even if some of the information" requested "is confidential under state law," discovery was appropriate because the information "will be protected from disclosure by the protective order entered in this case." *Id.* at *3. And in *Northeast Ohio Coalition for the Homeless v. Husted*, No. 2:06-CV-896, 2016 WL 8218027 (S.D. Ohio Jan. 29, 2016), another court in this District rejected a county board of elections' attempt to block provisional-ballot data from discovery, recognizing that withholding such information would make "judicial oversight" of the ballot-handling process impossible. *Id.* at *2; *see also Fish v. Kobach*, 309 F. Supp. 3d 1048, 1068 (D. Kan. 2018) (discussing, in a case involving voter registration rejections for failure to provide or have documentary proof of citizenship on file, Plaintiffs' expert's analysis of "confidential ELVIS data provided . . . pursuant to the protective order" of registration rejections) *aff'd sub nom. Fish v. Schwab*, 957 F.3d 1105 (10th Cir. 2020).

Nor is there any basis for the Secretary's objection to the categories of persons authorized to receive confidential information. The Secretary objects to disclosure to "'interviewees, potential witnesses,' 'independent experts or consultants,' 'litigation-support, copying, database-hosting, and translation vendors,' and any 'officer[], director[], employee[], or representative[]' of the League of Women Voters or the Council on American-Islamic Relations." Opp. at PAGEID 390. But these are, verbatim, *the exact categories of authorized recipients to which the Secretary himself agreed in the Stipulated Protective Order* entered in this case. Stipulated Protective Order, ECF No. 29 at PAGEID 287–88. The Secretary offers no reason why those same categories are appropriate for one set of discovery in this case but impermissible for another.

Finally, the Secretary appears particularly concerned with "a protective order blessing the production of full Social Security numbers, driver's-license or state-identification numbers, and proof of citizenship" because of "substantial privacy concerns." Opp. at PAGEID 391. But again, those concerns

have no bearing here. The subpoena does not seek that data, and Franklin County has not produced it.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Protective Order.

Dated: September 25, 2026

Respectfully Submitted,

/s/ *Freda J. Levenson*
Freda J. Levenson (0045916)
(*Trial Attorney*)
Amy Gilbert (0100887)
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
Cleveland, Ohio 44103
(216) 541-1376
flevenson@acluohio.org
agilbert@acluohio.org

Anna Baldwin*
Sejal Jhaveri (NY Bar. # 5396304)
Kate Hamilton*
Kate Uyeda*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
kuyeda@campaignlegalcenter.org

David J. Carey (0088787)
Carlen Zhang-D'Souza (0093079)
ACLU OF OHIO FOUNDATION, INC.
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
(380) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

Davin Rosborough*
Ethan Herenstein*
Nina Nayiri McKay*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
eherenstein@aclu.org
nmckay@aclu.org
slakin@aclu.org

Patricia Yan*
Kelli Slater*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(212) 549-2500
pyan@aclu.org
kslater@aclu.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Davin Rosborough*________
Davin Rosborough