**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LEAGUE OF WOMEN VOTERS OF OHIO, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS – NORTHERN OHIO,** | : | |
| | : | **Case No. 2:26-cv-177** |
| **Plaintiffs,** | : | |
| | : | **Judge Michael H. Watson** |
| **v.** | : | |
| | : | **Mag. Judge S. Courter M. Shimeall** |
| **FRANK LAROSE, in his official capacity as Ohio Secretary of State,** | : | |
| **Defendant.** | : | |

---

**NOTICE OF SUPPLEMENTAL AUTHORITY**

---

Secretary LaRose submits notice of the Sixth Circuit's decision in *Red Wine & Blue v. LaRose*, No. 26-3813, 2026 U.S. App. LEXIS 29415 (6th Cir. Sept. 23, 2026). In *Red Wine & Blue*, the Sixth Circuit stayed a preliminary injunction issued by the district court because, among other reasons, the organizational plaintiffs likely lack associational standing. *Red Wine & Blue*, 2026 U.S. App. LEXIS 29415, at *14–15. The case involves a challenge to Ohio's motor-voter statute, Ohio Rev. Code § 3503.11(A)(1), which requires Bureau of Motor Vehicle workers to offer voter registration to driver's license applicants, but only if they present or have already presented proof of United States Citizenship. *Id.* at *4–6. Asserting associational standing on behalf of two of their members, the organizational plaintiffs sued, claiming the Ohio law "in effect requires documentary proof of citizenship for motor-voter registrations" in violation of Section 5 of the National Voter Registration Act. *Id.* at *7.

The Sixth Circuit's standing analysis began from the principle that, in assessing the propriety of injunctive relief, "courts must maintain a focus on '*the plaintiffs before the court*,' not '*everyone* potentially affected' by the legal challenge." *Id.* at *12 (quoting *Trump v. CASA, Inc.*, 606 U.S. 831 852–53 (2025)). In turn, the organizations' two members "said they were turned away when applying for driver's licenses because they lacked the necessary proof-of-identity documents" and thus were "not able to register to vote as part of that process." *Red Wine & Blue*, 2026 U.S. App. LEXIS 29415, at *9.

Assuming a cognizable Article III injury-in-fact "for argument's sake," the Court first found the members not likely to show traceability and redressability. *Id.* at *14–15. The "BMV officials rejected their *driver's-license* applications based on independent paperwork defects," so the members "never encountered anything having to do with" voter registration under Ohio's motor-voter law. *Id.* The members' "procedural objections" to the driver-licensing process "arise independent from" the requirements of Ohio's motor voter statute, so "enjoining that aspect" of the law "seems to solve nothing for them." *Id.* at *15.

Next, the Court found a likely mootness problem. The members had subsequently "obtained Ohio driver's licenses and registered to vote," so "whatever alleged obstacles Ohio law may present to would-be voters," the members "didn't face them when the district court's decision issued." *Id.* at *16.

Finally, having found the members likely lacked standing, the Court correctly reaffirmed that "assertions about 'unknown members' of Associations fall short of the requirement to '*identify* a member' who has an injury-in-fact and 'show that [the] requested relief will redress this injury." *Id.* at 16–17 (quoting *Ass'n of Am. Physicians and Surgeons v. FDA*, 13 F.4th 531, 543 (6th Cir.

2021)). And organizational plaintiffs cannot "end-run that limit by asserting some prospect of future harm to unnamed members." *Red Wine & Blue*, 2026 U.S. App. LEXIS 29415, at *17.

The Sixth Circuit's logic in applying each of these standing rules applies here. The Court can disregard Plaintiffs' generalized allegations regarding unidentified members "who are especially vulnerable to being improperly flagged and removed" under S.B. 293, *see* Compl. ¶ 13, Doc. 1 at PageID 3, because Plaintiffs cannot rely on "assertions about 'unknown members'" to conjure standing, *see Red Wine & Blue*, 2026 U.S. App. LEXIS 29415, at *17. Jona Hilario, the sole member Plaintiffs name, faces the same mootness and redressability problems the Sixth Circuit found in *Red Wine & Blue*. Ms. Hilario admits that her registration was previously flagged and that she is now an "Ohio registered voter." Compl. ¶ 13, Doc. 1 at PageID 3–4. So, "whatever alleged obstacles [S.B. 293] may present to would-be voters," Ms. Hilario "d[oesn't] face them" any longer. *See Red Wine & Blue*, 2026 U.S. App. LEXIS 29415, at *16.

Because Plaintiffs have failed to establish associational and, separately, organizational standing, Secretary LaRose respectfully requests this Court dismiss their claims against him consistent with *Red Wine & Blue*.

Respectfully submitted,

D. ANDREW WILSON
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
**Counsel of Record*
JULIE M. PFEIFFER (0069792)
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov
Tyler.Blair@OhioAGO.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, the foregoing was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General