**THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO; COUNCIL ON AMERICAN-ISLAMIC RELATIONS-NORTHERN OHIO,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK LAROSE, in his official capacity as the Ohio Secretary of State,<br><br>Defendant. | Case No.: 2:26-CV-00177-MHW-SCS<br><br>Judge Watson<br>Magistrate Judge Shimeall |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY OR, IN THE ALTERNATIVE, FOR LEAVE TO RESPOND**

Plaintiffs respectfully move to strike the Secretary of State's "Notice of Supplemental Authority," ECF No. 42, which purports to identify the Sixth Circuit's stay opinion in *Red Wine & Blue v. LaRose*, No. 26-3813 (6th Cir. Sept. 23, 2026), as supplemental authority but instead advances a substantive argument that Plaintiffs lack associational standing.

A "Notice of Supplemental Authority is not a vehicle for additional briefing beyond the memoranda permitted by S.D. Ohio Civ. R. 7.2(a)." *In re Scotts Miracle-Gro Co. Sec. Litig.*, 831 F. Supp. 3d 602, 626 (S.D. Ohio 2026) (striking the argumentative portions of the "notice"). But that is exactly what the Secretary attempts in his purported "notice." The notice does not merely identify new authority and briefly explain its relevance. Instead, it advances a substantive argument that Plaintiffs lack associational standing under *Red Wine & Blue* and asks the Court to resolve an issue on which the parties have already completed briefing. ECF Nos. 10, 21, 24. The Secretary neither sought nor obtained leave to file a supplemental brief. The filing therefore violates Rule 7.2(a)(2), which permits an

opposition and a reply but provides that "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2).

This Court has "broad discretion to manage its docket," including authority to strike filings that do not comply with applicable procedural rules. *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010). It should exercise that authority here.

In the alternative, Plaintiffs respectfully request leave to respond to the Secretary's unauthorized substantive briefing in a memorandum not to exceed three pages. Plaintiffs' proposed response is attached as Exhibit 1.

Dated: September 30, 2026

Respectfully Submitted,

/s/ *Freda J. Levenson*
Freda J. Levenson (0045916)
(*Trial Attorney*)
Amy Gilbert (0100887)
ACLU of Ohio Foundation, Inc.
4506 Chester Avenue
Cleveland, Ohio 44103
(216) 541-1376
flevenson@acluohio.org
agilbert@acluohio.org

Anna Baldwin*
Sejal Jhaveri (NY Bar. # 5396304)
Kate Hamilton*
Kate Uyeda*
Campaign Legal Center
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
kuyeda@campaignlegalcenter.org

David J. Carey (0088787)
Carlen Zhang-D'Souza (0093079)
ACLU of Ohio Foundation, Inc.
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
(380) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

Davin Rosborough*
Ethan Herenstein*
Nina Nayiri McKay*
Sophia Lin Lakin*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
eherenstein@aclu.org
nmckay@aclu.org
slakin@aclu.org

Patricia Yan*
Kelli Slater*
American Civil Liberties Union

FOUNDATION
915 15th Street NW
Washington, DC 20005
(212) 549-2500
pyan@aclu.org
kslater@aclu.org

*Counsel for Plaintiffs*

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Davin Rosborough*
Davin Rosborough