# EXHIBIT 1

**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

LEAGUE OF WOMEN VOTERS OF OHIO;
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS-NORTHERN OHIO,

Plaintiffs,

v.

FRANK LAROSE, in his official capacity as the Ohio Secretary of State,

Defendant.

Case No.: 2:26-CV-00177-MHW-SCS

Judge Watson
Magistrate Judge Shimeall

**[PROPOSED] PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

As explained in Plaintiffs' opposition to the motion to dismiss, Plaintiffs alleged facts sufficient to establish both associational and organizational standing. *See* Pls.' Mem. Opp. Mot. Dismiss (MTD Opp.), ECF No. 21 at PAGEID 199–206. The Sixth Circuit's decision in *Red Wine & Blue v. LaRose*, No. 26-3813, slip op. (6th Cir. Sept. 23, 2026), does not alter that conclusion for three reasons.

*First*, *Red Wine & Blue* has no bearing on what Plaintiffs must allege to survive a motion to dismiss for lack of standing because it addressed standing at the preliminary-injunction stage. Standing must be established "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the pleading stage, a plaintiff "need[] only to plausibly allege standing's elements." *Davis v. Colerain Township*, 51 F.4th 164, 171 (6th Cir. 2022). By contrast, at the preliminary-injunction stage, a plaintiff must make a "clear showing that it is likely to establish each element of standing"—"a higher threshold than the one applicable at the pleading stage." *Christian Healthcare Ctrs. v. Nessel*, 117 F.4th 826, 856 (6th Cir. 2024) (cleaned up). Thus, an organization need not identify its members by name at the pleading stage. *See, e.g.*, *Hancock Cnty. Bd. of Supervisors v. Ruhr*, 487 F. App'x 189, 198 (5th Cir. 2012) (holding that an association need not "set forth the name of a particular member in its complaint in order to survive a Rule 12(b)(1) motion"); *see also* MTD Opp. at PAGEID 205 (collecting cases). *Red Wine & Blue* therefore does not establish what Plaintiffs were required to plead here: it applied the heightened evidentiary standard governing preliminary injunctions, not the plausibility standard governing a motion to dismiss. slip op. at 7–8.

*Second*, even assuming *Red Wine & Blue* requires Plaintiffs to identify a particular member; Plaintiffs have done so. Plaintiffs allege that League member Jona Hilario is a naturalized citizen who is likely to be flagged as a noncitizen under SB 293 because Ohio's Bureau of Motor Vehicles (BMV) records do not reflect her citizenship status. Compl., ECF No. 1 at PAGEID 3–4, 9, 10 (¶¶ 13, 41, 46).

The Supreme Court's recent decision in *DHS v. League of Women Voters*, No. 26A308, 2026 WL 2879700 (U.S. Sep. 25, 2026), confirms that these allegations are sufficient to establish standing.

In *DHS*, the plaintiffs challenged, on legal theories not relevant here, the federal government's decision to permit states to use the SAVE system for voter-list maintenance. *See id.* at *1. The Court held that a plaintiff organization had standing based on a member who was registered to vote in Louisiana but whose federal records "do not accurately reflect that she is now a naturalized citizen." *Id.* at *2. The Court concluded that she had demonstrated an injury sufficient to support standing because, under the SAVE system, she "likely would have been required to provide additional proof of citizenship" to remain on the voter rolls. *Id.* The same principle applies even more strongly here: Ms. Hilario is a registered voter, but Ohio's BMV records do not accurately reflect that she is a naturalized citizen. She therefore faces a substantial risk of being flagged as a noncitizen and—under SB 293's regime—having her registration promptly canceled. *See* Ohio Rev. Code § 3503.152(B)(1). Plaintiffs thus have associational standing on her behalf.

The Secretary's suggestion (at PAGEID 473) that Ms. Hilario lacks standing because her registration was "previously flagged" improperly asks the Court to resolve a factual dispute at the pleading stage. Plaintiffs allege that the BMV records underlying SB 293 do not accurately reflect Ms. Hilario's citizenship, and those allegations must be accepted as true on a motion to dismiss. The Secretary's contrary argument rests solely on speculation that since Ms. Hilario was previously incorrectly flagged as a non-citizen, she will not be flagged again under SB 293. That is not a basis for rejecting Plaintiffs' well-pleaded allegations at the motion-to-dismiss stage.

*Third*, *Red Wine & Blue* has no bearing on Plaintiffs' organizational standing, which provides an independent basis for Article III standing. *See* MTD Opp. at PAGEID 199–204.

For these reasons, Plaintiffs have adequately pleaded standing, and the Court should deny the

Secretary's motion to dismiss.

Dated: September 30, 2026

Respectfully Submitted,

/s/ *Freda J. Levenson*_______
Freda J. Levenson (0045916)
(*Trial Attorney*)
Amy Gilbert (0100887)
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
Cleveland, Ohio 44103
(216) 541-1376
flevenson@acluohio.org
agilbert@acluohio.org

Anna Baldwin*
Sejal Jhaveri (NY Bar. # 5396304)
Kate Hamilton*
Kate Uyeda*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
kuyeda@campaignlegalcenter.org

*Admitted *pro hac vice*

David J. Carey (0088787)
Carlen Zhang-D'Souza (0093079)
ACLU OF OHIO FOUNDATION, INC.
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
(380) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

Davin Rosborough*
Ethan Herenstein*
Nina Nayiri McKay*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
eherenstein@aclu.org
nmckay@aclu.org
slakin@aclu.org

Patricia Yan*
Kelli Slater*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20005
(212) 549-2500
pyan@aclu.org
kslater@aclu.org

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Davin Rosborough*
Davin Rosborough