**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LEAGUE OF WOMEN VOTERS OF OHIO, *et al.*,**

**Plaintiffs,**

**v.**

**FRANK LAROSE,**

**Defendant.**

**Case No. 2:26-cv-177**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

**ORDER**

Plaintiffs brought this action challenging Ohio S.B. 293, alleging in part that S.B. 293 allegedly violates the National Voter Registration Act's ("NVRA") requirement that voter-list-maintenance programs be uniform and nondiscriminatory by subjecting naturalized citizens to discriminatory name-matching through the federal Systematic Alien Verification for Entitlements ("SAVE") system. (ECF No. 1.) This matter came before the Court for a discovery conference on October 1, 2026. Both parties appeared and were represented by counsel. This Order memorializes the conference.

## I. OCTOBER 1, 2026 CONFERENCE

At the conference, the parties discussed their dispute as to Plaintiffs' discovery requests for voter information and communications related to S.B. 293. The parties also discussed Plaintiffs' pending Motion for Protective Order (ECF No. 33), in which Plaintiffs seek the entry of a protective order governing the Franklin County Board of Elections' production of voter information.

First, regarding Plaintiffs' request for voter information, Defendant primarily argued that Plaintiffs' request was disproportionate to the burden it would impose because disclosure could expose confidential voter information, including whether a voter has been flagged for potential criminal investigation and prosecution under S.B. 293. Plaintiff responded that the voter information they seek is at the heart of their claim that S.B. 293 violates Section 8(b)(1) of the NVRA and that Defendant's confidentiality concerns can be addressed through redactions and the protective order already entered in this case. The Court preliminarily opined that the voter information Plaintiffs seek is relevant and proportional to the needs of the case, particularly because the protective order and redactions could mitigate Defendant's concerns, but reserved judgment on the issue. The parties were unable to resolve their dispute as to the voter information at the conference.

As to the communications related to S.B. 293, Plaintiffs requested documents related to the BMV checks dating back to September 1, 2023, when Ohio law began requiring citizenship status on driver's licenses. They also requested documents related to SAVE checks dating back to April 1, 2025, shortly after Defendant instituted a policy that used the SAVE system, in part, to identify noncitizens. Defendant clarified that he only opposes the production of information pre-dating the October 2025 introduction of S.B. 293. Defendant argued that any information prior to S.B. 293's October 2025 introduction is irrelevant to Plaintiffs' claims because the pre-S.B. 293 processes for performing checks bear little resemblance to the process enacted pursuant to S.B. 293. Plaintiff responded that the requested pre-October 2025 information is relevant because the S.B. 293 program also relies on SAVE and BMV data; thus, information suggesting that those data sources were erroneous in the past bears on their present reliability. The Court preliminarily opined that the parties' dispute as to the pre-October 2025 S.B. 293 information presents a close question,

particularly in light of parties' differing characterizations of the pre-S.B. 293 processes for voter-list-maintenance, but reserved judgment on the issue. The parties were unable to resolve their dispute as to the pre-October 2025 S.B. 293 information at the conference.

Finally, regarding Plaintiffs' pending Motion for Protective Order (ECF No. 33), Defendants contend that Plaintiffs' proposed protective order does not adequately protect voter information. The Court preliminarily opined that the parties may be able to resolve their dispute without Court intervention and therefore directed them to meet and confer regarding a mutually acceptable protective order. Accordingly, **WITHIN SEVEN DAYS**, the parties shall notify the Court whether any dispute concerning Plaintiffs' Motion remains by contacting Shimeall_Chambers@ohsd.uscourts.gov.

## II. CONCLUSION

Pursuant to the Court's informal discovery conference procedure, the Court construed Defendants' presentation of their position as a motion for leave to file a discovery-related motion concerning their dispute over Plaintiffs' discovery requests for voter information and communications related to S.B. 293. So construed, the Court **GRANTS** the motion (ECF No. 46) and sets the following briefing schedule:

- Defendant shall file any discovery-related motion as to Plaintiffs' discovery requests for voter information and/or communications related to S.B. 293, not to exceed ten pages, **WITHIN SEVEN DAYS** of the date of this Order.
- Plaintiffs shall file any response, not to exceed ten pages, **WITHIN FOURTEEN DAYS** of Defendant's motion.
- No reply will be permitted.

The Court further **DIRECTS** the parties to meet and confer regarding a mutually acceptable protective order and, **WITHIN SEVEN DAYS**, notify the Court whether any dispute

concerning Plaintiffs' Motion for Protective Order (ECF No. 33) remains by contacting Shimeall_Chambers@ohsd.uscourts.gov.

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**