# Exhibit 2

## Joint Discovery Submission

# Case No. 2:26-cv-00177; League of Women Voters of Ohio v. LaRose

**Discovery Conference Joint Submission**

**Background:**

Plaintiffs challenge several provisions of Ohio S.B. 293 on the grounds that they violate the NVRA's uniform and nondiscriminatory requirement for list maintenance programs, 52 U.S.C. § 20507(b)(1). Plaintiffs contend that this provision protects against list maintenance programs that are not uniformly applied or that discriminate against, among others, naturalized citizens, including through matching names against the federal SAVE (Systematic Alien Verification for Entitlements) system. *See Mi Familia Vota v. Fontes*, 129 F.4th 691, 714–15 (2025). Plaintiffs also challenge S.B. 293 as a violation of the NVRA's Quiet Period Provision, 52 U.S.C. § 20507(c)(2), and the Due Process Clause of the Fourteenth Amendment by systematically cancelling voter registrations without prior notice, including in the 90 days leading up to federal elections.

The parties conducted a Rule 26(f) conference on March 30, 2026. After this Court denied Defendant's Motion to Stay Discovery, *see* ECF 25, Plaintiffs propounded discovery requests on Defendant including 23 Requests for Production on June 22, 2026. *See* Exhibit A. Plaintiffs agreed to extensions of Defendant's deadline to respond. On August 17, 2026, Defendant produced 18 documents and lodged multiple objections. Defendant objected on the grounds that the requested documents were irrelevant to Plaintiffs' claims, unduly burdensome, and not proportional to the needs of the case. *See* Exhibit B. Defendant did not withhold any documents on privilege grounds and therefore did not provide a privilege log.

Plaintiffs dispute Defendant's objections based on relevance and burden. The parties held a discovery conference on September 17, 2026. In particular, Defendant has objected to producing documents containing the identities and unredacted confidential personal information of individuals who were identified as noncitizens pursuant to S.B. 293 or any communications related to S.B. 293. Plaintiffs have consistently been amenable to discussing redaction of certain categories of information, including Social Security numbers. The Federal Rules of Civil Procedure require discovery be relevant and proportional to the needs of a case, considering importance of issues, amount in controversy, parties' relative access to resources, importance of the discovery in resolution of the issues, and whether the burden or expense of discovery outweighs its likely benefit. *See T&R Props., Inc. v. Berlin Twp.*, No. 2:24-CV-3761, 2025 WL 2751198, at *1 (S.D. Ohio Sept. 26, 2025). Defendant asserts that he seeks to protect the private information of Ohio voters, as well as noncitizens who attempted to register to vote, and to prevent their disclosure to special interest groups like Plaintiffs. Defendant further questions whether the requested discovery may be an attempt to locate an individual plaintiff with standing and moot Defendant's pending Motion to Dismiss for lack of standing.

**Current Case Schedule Deadlines:**

- September 29, 2026: Plaintiffs' Reply Due to ECF No. 37 Response in Opposition to ECF No. 33 Protective Order GOVERNING FRANKLIN COUNTY BOARD OF ELECTIONS PRODUCTION OF CONFIDENTIAL VOTER INFORMATION
- December 18, 2026: Joinder of Parties/Motions to Amend due
- February 19, 2027: Primary Expert Due
- March 19, 2027: Rebuttal Expert Due
- April 6, 2027: Discovery Due
- May 12, 2027: Dispositive Motions Due
- May 20, 2027: Settlement Demand Due
- May 27, 2027: Response to Settlement Demand Due

**Discovery Conference Availability**:

All parties are available

- Wednesday 9/30 before 11:00am; 12:00pm-1:00pm
- Thursday 10/1 10am-11am and 1pm-4pm.

**Issues:**

1. Relevance: Identities of Affected Individuals
    a. Plaintiffs' position

Plaintiffs allege that "S.B. 293's Purge Program targets and will disproportionately sweep in naturalized citizens, …, in violation of Section 8(b)(1)." Compl. ¶ 100. Plaintiffs' discovery requests get to the heart of this claim and are proportional to this important voting rights litigation, including: reports that Defendant has received from the SAVE system, Ex. A, RFP 5; the identities of individuals reported to county boards of elections as confirmed or potential noncitizens who were identified through the SAVE system, Ex. A, RFP 6; communications from Defendant's office to individuals identified as confirmed or potential noncitizens through this process, Ex. A, RFP 7; the identities of individuals whose information could not be processed through SAVE, Ex. A, RFP 8; reports identifying confirmed or potential noncitizens received or generated based on BMV data, Ex. A, RFP 12; communications to individuals identified as confirmed or potential noncitizens based on BMV review, Ex. A, RFP 14; and a list of voters removed from Ohio's statewide voter list on the basis of potential or confirmed non-citizenship, Ex. A, RFP 15.

Defendant produced no documents in response, objecting that these requests amount to "a fishing expedition to identify a plaintiff." *See, e.g.* Ex. B, RFPs 5, 6, 7, 8, 12, 13, 14, 15. Defendant also objected the requests are not relevant to Plaintiffs' claims. Ex. B RFP 5. At the September 17th Discovery Conference, Defendant further argued that the identities of registrants affected by S.B. 293 are not relevant to Plaintiffs' claims because the NVRA does not provide a separate "disparate impact" statutory claim. But courts have routinely granted similar discovery request for these types of NVRA claims. *See e.g. Va. Coal. for Immigrant Rights v. Beals*, No. 1:24-cv-1778 (E.D. Va. Oct. 10, 2024), ECF 72 (ordering expedited discovery to include information on individual voters affected by Virginia's removal program); *Alabama Coalition for Immigrant Justice, et al., v. Allen*, No. 2:24-cv-1254 (N.D. Ala., Oct. 1, 2024), ECF No. 47 (same).[1]

The identities of voters identified through SAVE and BMV matching, and the records reflecting the resulting list-maintenance actions, are central to Plaintiffs' Section 8(b) claim and relevant to their other claims as well. Plaintiffs allege that S.B. 293's Purge Program disproportionately sweeps in naturalized citizens because of the manner in which Defendant identifies potential noncitizens through BMV and SAVE data. The requested records would show who Defendant identified as potential or confirmed noncitizens, how those individuals were identified, and what actions Defendant took as a result. Those records therefore bear directly on the operation and discriminatory effects *or* purpose of the challenged list-maintenance program.

---

[1] Defendant now also raises that information in the documents sought by Plaintiffs is confidential under state law, but Defendant cannot shield otherwise relevant information in discovery in federal litigation about federal claims by reference to state public records laws. Plaintiffs respond more completely in their forthcoming Franklin County Protective Order reply brief.

b. Defendant's position

On the other hand, Defendant argues that the identities and confidential information of noncitizens and voters alike are irrelevant to Plaintiffs' claims and carry unnecessary risks to private individuals. First, Plaintiffs do not need the identities and personal information of Ohio voters or noncitizens who have been removed from the voter rolls to make their case. Plaintiffs' quiet-period and due-process claims challenge the *process* by which Defendant conducts reviews of the statewide voter registration database: that it is a systematic cancellation of registrations within the quiet period and that it fails to afford sufficient notice, respectively. The identities and confidential information of voters and noncitizens who attempted to register to vote are not relevant to these process-based claims. Plaintiffs characterize their uniform-and-nondiscriminatory claim as a disparate-impact claim that requires the identification of individuals removed from the voter rolls so that Plaintiffs can determine if recently naturalized citizens are removed at disproportionate rates. But a disparate-impact claim is not available under the NVRA. *See Husted v. APRI*, 584 U.S. 756, 779 (2018). Because the uniform-and-non-discriminatory claim centers on the language of the challenged statute—not its impact—the confidential information of voters and noncitizens who attempted to register to vote are not relevant. Further, Plaintiffs brought their case based on a theory of organizational standing, not based only on identifiable individuals wrongly removed from voter rolls.

Second, much of the information Plaintiffs seek is made confidential by statute. Ohio Rev. Code § 3503.13. Individuals do not consent to the disclosure of their confidential information to special interest groups like Plaintiffs simply by choosing to register to vote. Further, noncitizens removed under Ohio Rev. Code § 3503.152 are subject to criminal investigation and potential prosecution. Disclosing their personal information, including their names and other contact information, can jeopardize ongoing criminal investigations and risk harassment. *Pub. Interest Legal Found., Inc. v. N.C. State Bd. of Elections*, 996 F.3d 257, 265-68 (4th Cir. 2021) (requiring sensitive information redactions resulting in voter anonymity in NVRA case); *Project Vote, Inc. V. Kemp*, 208 F. Supp. 3d 1320, 1345 (N.D. Ga. 2016) (requiring telephone numbers, birth dates, email address redacted).

2. Relevance: Pre S.B. 293 Information and Communications

a. Plaintiffs' position

As Plaintiffs allege in their Complaint, some of the processes leading to many of the harms underlying S.B. 293 took place or were initiated before its effective date in March 2026. For example, in 2023, Ohio enacted a law requiring newly issued Ohio driver licenses and state ID cards to denote the holder's citizenship status. Compl. ¶ 40. As the Complaint explains, that law contributed to the inaccurate categorization of naturalized citizens in the BMV database. Compl. ¶ 43. And in March 2025, Defendant issued a directive providing for an extra-statutory procedure to identify and remove alleged noncitizens identified through SAVE and BMV data. Compl. ¶ 66. These analogous programs suffered the same flaws as the S.B. 293 program: The outdated data in

these systems led to errors that incorrectly characterized naturalized citizens as non-citizens. Information about these processes upon which S.B. 293 now relies in a more aggressive manner may reveal that: (a) systematic problems in the processes were already apparent and leading to the false identification of citizens as non-citizens; and (b) S.B. 293 has supercharged these discriminatory and illegal results by mandating more frequent use of these processes with fewer safeguards.

Moreover, whether the individuals incorrectly identified as non-citizens before S.B. 293 had greater notice and opportunity to respond than those identified pursuant to the S.B. 293 scheme bears directly on Plaintiffs' due process claim.

Accordingly, Plaintiffs requested documents relating to the BMV checks dating back to 2023, when Ohio law began requiring citizenship status on driver's license. *See* Ex. A RFPs 11, 12, 13 14, 15, 16, 17, 18. Plaintiffs likewise requested documents related to SAVE checks dating back to April 1, 2025, shortly after Defendant instituted a policy analogous to S.B. 293. *See* Ex. A RFPs 1, 2, 3, 5, 6, 7, 8.

b. Defendant's position

Defendant argues that documents "generated during list maintenance procedures other than those set forth in Ohio Rev. Code § 3503.152" are not relevant and declines to produce them. Ex. B, RFP 12. Defendant points out that Plaintiffs' suit only contains claims related to S.B. 293. *See* Compl. at ¶¶ 110-126. Plaintiffs' complaint does not include any allegation that any identifiable person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Any information concerning pre-S.B. 293 actions are so far afield as to be irrelevant. *See* Ex. B.

Plaintiffs contend that such documents, if they exist, would be relevant because they could illustrate the inaccuracy and lag in both the BMV and the SAVE system's citizenship data, which is central to their case.

3. Burden

a. Plaintiffs' position

In addition to arguing that the identities of individual voters are irrelevant to the litigation, Defendant objects to producing the requested records on the ground that doing so would impose an undue "burden of searching for, redacting, and producing the requested records." Ex. B, RFPs 6, 7, 8, 12, 13, 14, 15, 22.

Plaintiffs sought to address that objection at the September 17th discovery conference. In an agenda circulated to Defendant the day before the conference, Plaintiffs proposed discussing the format of the requested reports to better understand and potentially resolve the asserted burden. Specifically, Plaintiffs asked whether, if the reports were maintained in spreadsheets, "the

objectionable columns [could] be deleted?" Plaintiffs also asked whether Defendant would prefer to amend the Protective Order to address any confidentiality concerns. At the meet and confer, however, Defendant was not willing to address its "burden" objection, stating instead that it would meet and confer over its burden objection only after the court resolves the relevance objections. Defendant has since provided some of the requested information about format of the requested reports, but Plaintiffs maintain that Defendants may not sequence their objections in a way that delays document production by agreeing to negotiation on one objection only after another one is resolved by this Court.

b. Defendant's position

Contemporaneously with its transmission of this position statement to Plaintiffs, Defendant provided an explanation of the format of the requested reports. If the Court orders Defendant to produce any of the requested reports, Defendant is willing to meet and confer with Plaintiffs to discuss the redaction of confidential voter information from the reports.

4. Communications

a. Plaintiffs' position

Plaintiffs also requested communications concerning this litigation, including Defendant's internal communications. *See* Ex. A, RFPs 18, 19, 20, 21. Defendant did not assert privilege over any communications but refused to produce any responsive documents objecting that the requests were overly broad, unduly burdensome, "and a fishing expedition." Defendant likewise produced no documents responsive to any RFP seeking communications regarding the implementation or breadth of S.B. 293. *See* Ex. B. RFPs 20, 21, 22, 23.

Plaintiffs offered to provide search terms to facilitate the identification of responsive communications. Defendant responded that the search terms would not resolve its burden objection. Plaintiffs also offered to propose custodians, recognizing that Defendant is best positioned to identify the individuals and systems most likely to possess responsive documents. Defendant nevertheless did not commit to producing responsive documents, asserting that his relevance objections related to affected individual voters also were also at issue in these requests.

b. Defendant's position

The requests for communications seek documents pre-dating—by several years—S.B. 293 and the version of Ohio Rev. Code § 3503.152 Plaintiffs challenge. If the Court orders Defendant to search for and produce documents that pre-date the challenged statute, Defendant is willing to meet and confer with Plaintiffs to discuss search terms and custodians.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO; COUNCIL ON AMERICAN-ISLAMIC RELATIONS-NORTHERN OHIO,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK LAROSE, in his official capacity as the Ohio Secretary of State,<br><br>Defendant. | Case No.: 2:26-cv-00177-MHW-SCS<br><br>Judge Watson<br><br>Magistrate Judge Shimeall |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO SECRETARY LAROSE**

Pursuant to Rules 26(b) and 34 of the Federal Rules of Civil Procedure, Plaintiffs serve this First Set of Requests for Production ("RFPs" or "Requests") on Defendant to be answered fully, in writing, and under oath within thirty (30) days from the date of service thereof. Each Request for Production is subject to the definitions and instructions provided below:

**DEFINITIONS**

1. "You," "Your," or "Defendant" means the Secretary of State of Ohio and any of his past and present agents, advisors, employees, representatives, attorneys, consultants, contactors, or other persons or entities acting on his behalf or subject to his control.

2. "Document" is defined to be synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34 and the phrase "writings and recordings" as defined in Federal Rule of Evidence 1001, and it includes all forms of recorded information, without limitations. This encompasses all writings, correspondence (including, but not limited to, social media messages, text messages, direct messages on platforms such as Facebook, X, and LinkedIn, and messages through common messaging applications such as WhatsApp, Signal, and Facebook Messenger), email communications, voicemails, voice message communications, memoranda, notes, drawing, graphic material, data compilations, contracts,

agreements, charts, photographs, and records, whether stored in tangible, hard-copy, mechanical, or electronic form or representation of any kind. Email communication includes anything sent or received, including where the party was carbon copied ("cc'd") or blind carbon copied ("bcc'd"). All drafts, copies, or preliminary materials that are different in any way from the executed or final document shall be considered to be additional documents as that term is used herein. All e-mail records retained on personal and work cellular phones and SIM cards, personal work and home computers, centralized servers, cloud storage, and laptop computers are specifically included in this request. "Document" includes "Electronically Stored Information" as defined below.

3. "Electronically Stored Information" or "ESI" includes, but is not limited to, any and all electronic data or information that is stored on or can only be read through the use of a computing device. This term includes, without limitation, databases, text file and word processing documents (including metadata); presentation documents; spreadsheets; graphics, animations, and images (including, but not limited to, JPG, JPEG, GIF, BMP, PDF, PPT, and TIFF files); email, email strings, email attachments, and instant messages (including attachments, logs of email history and usage, header information, and "deleted" files); computer calendars and calendar and scheduling information; cache memory, cookies, and Internet history files and preferences; audio, video, audiovisual recordings, and voicemail stored on databases; networks, computers and computer systems, computer system activity logs, servers, archives, back-up or disaster recovery systems, hard drives, discs, CDs, diskettes, removable drives, tapes, cartridges, voicemail systems, and other storage media; personal digital assistants;, handheld wireless devices, cellular telephones, and pagers; and printers, scanners, and fax machines. This term includes but is not limited to onscreen information, system data, archival data, legacy data, residual data, and metadata that may not be readily viewable or accessible, as well as all file fragments and backup files.

4. The terms "communication" or "correspondence" are used in the broadest sense to mean every conceivable manner or means of disclosure, transfer, or exchange of oral or written information between one or more persons, entities, devices, platforms, or systems. This includes transmission of information by oral, graphic, written, pictorial, electronic, or other perceptible means, including later memorializing of such transmission in a Document, including but not limited to e-mail, text messages, social media, professional or social networking websites, memoranda of conversations, pictures, or recordings.

5. The terms "concerning," "reflecting," "regarding," and "relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, affecting, analyzing, constituting, containing, commenting, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

6. "Item" is defined as documents, communications, electronically stored information, and tangible things. *See, e.g.*, Fed. R. Civ. P. 34.

7. "Concerning," "Reflecting," "Regarding," and "Relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, affecting, analyzing, constituting, containing,

commenting on, in connection with, dealing with, discussing, describing, embodying, evidencing, identifying, pertaining to, referring to, reporting, stating, or summarizing.

8. "Policies," "Procedures," or "Trainings" refer to standards, policies, protocols, procedures, directives, and/or instructions that govern Your conduct with respect to the matter(s) requested and any materials concerning any training or education received or engaged in with respect to those standards, policies, protocols, directives, and/or instructions. If policies, procedures, or training materials responsive to the Requests changed or change at any time during the period of the Requests or between the time the Requests were made and the date of your response, include items related to any and all policies or procedures that were in effect during the time period in question.

9. "SB 293" or "Ohio Senate Bill 293" refers to the legislation passed by the Ohio state legislature during the 2026 session, signed into law by Governor Mike DeWine on December 19, 2025, and which went into effect on March 20, 2026.

10. "Potential non-U.S. citizen" refers to a registered voter or applicant to register to vote who, through a review, query, data-matching, or other process, is identified by federal, state or county officials as someone whose citizenship status is unknown, unconfirmed, or thought, due to any piece of evidence, to potentially make them ineligible to register to vote or remain registered to vote.

11. "Confirmed non-U.S. citizen" is defined to mean a registered voter or applicant to register to vote who, through a review, query, data-matching, or other process—and further investigation following such initial steps, if applicable—is identified by federal, state or county officials as not having U.S. citizenship.

## INSTRUCTIONS

1. Each word, term, or phrase used in these Requests for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Civil Rules of the U.S. District Court for Southern District of Ohio.

2. The terms "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responsive material that might otherwise be construed to be outside their scope.

3. If, in lieu of or in addition to answering a Request for Production, you produce a database, other data, or reports, that material should be produced in conformity with the Parties' ESI agreement. To the extent no agreement has been reached on ESI, the material should be produced in a native format (such as a Microsoft Excel file or tab-delineated text file) that can be processed and/or sorted using standard spreadsheet or database software, including Microsoft Access and Microsoft Excel.

4. If You claim that You cannot respond in full to any Request herein, indicate with specificity the portion to which You claim that You cannot respond, explain why You cannot respond to that portion, and respond in full to the remainder of the Request. To the extent there are no

items responsive to a specific Request, state that no responsive item exists. If items that are specifically requested do not exist, provide the items available that are closest to those that are not available.

5. If You claim that any Request herein is vague, ambiguous, or overbroad in any respect, indicate with specificity what You find to be vague, ambiguous, or overbroad, and why; explain the construction that You have used in interpreting and answering the Request; and respond to the Request in full to the best of Your ability.

6. If any Request herein does not specifically request particular information but the provision of such information is necessary to make a response to that Request comprehensible, complete, or not misleading, construe the Request in question to require the provision of that information and explain how You have so construed it.

7. To the extent responsive items rely on administrative or electronic codes, provide information sufficient to understand those codes, such as the name and description of the data fields and a description of each code.

8. Unless otherwise specified, the relevant time period for these Requests for Production is September 1, 2023 to present.

9. These Requests are continuing in nature, and You must promptly revise or supplement Your responses if and as new or additional responsive information becomes known.

## REQUESTS FOR PRODUCTION

**Request for Production 1**: Copies of any and all final agreements, including all amendments and supplements thereto, whether formal or informal, between Your office and the federal government, including the United States Department of Homeland Security ("DHS") and its United States Citizenship and Immigration Services ("USCIS") agency, regarding Your office's ability to access the federal Systematic Alien Verification for Entitlements ("SAVE") system and/or any other federal databases, including but not limited to the United States Social Security Administration ("SSA") database, for purposes relating to voter registration list maintenance, and which were made, or in effect at any time, since April 1, 2025. This includes but is not limited to any amendments or supplements to such agreements as a result of SB 293.

**Request for Production 2**: Communications between Your office and DHS, USCIS, or the United States Department of Justice regarding Your office's ability to access the SAVE system and/or any other federal databases, including but not limited to the SSA database, for purposes relating to voter registration list maintenance since April 1, 2025.

**Request for Production 3**: Documents sufficient to show the process for conducting reviews of the statewide voter registration database for citizenship status by submitting data to and consulting the SAVE system since April 1, 2025, including but not limited to: the output returned from SAVE for each Ohio voter run through the system, the frequency of data sharing from Your office to DHS or USCIS and vice versa, the frequency of reviews of Ohio voter rolls using the SAVE system or of SAVE data to verify information in Ohio voter rolls, what categories of data are submitted, what portions of Ohio's voter registration database are reviewed by Ohio or federal officials and compared with SAVE data at each stage of the review process (or whether the entirety of Ohio's voter registration database is so reviewed and by whom), which categories of voter registration information Ohio or federal officials utilize to determine citizenship, whether federal or state officials utilize the "Bulk Uploader" feature of the SAVE system, and any other part of the data sharing and review processes.

**Request for Production 4:** Documents sufficient to show any changes to the processes referenced in Request for Production 3 as a result of, or subsequent to the implementation of, SB 293.

**Request for Production 5**: All reports that Your office has generated through the SAVE system, or received from federal officials using the SAVE system, in response to queries, or that contain information, about individuals' citizenship status for purposes of voter registration since April 1, 2025.

**Request for Production 6**: For each of the reports referenced in Request for Production 5, documents showing the individuals reported to county boards of elections as Confirmed or Potential non-U.S. citizens since April 1, 2025.

**Request for Production 7**: Any notices, letters, or communications regarding voter registration that Your office has sent to any individuals who were identified as Confirmed or Potential non-U.S. citizens through a comparison of Ohio's voter registration database, or data therefrom, with the SAVE system, or data therefrom, since April 1, 2025.

**Request for Production 8**: Documents identifying any individuals whose information was shared with or submitted to SSA or USCIS or otherwise used to make a query through the SAVE system to check the individual's citizenship status for voter registration list maintenance since April 1, 2025, but whose information was unable to be processed, returned a response with missing fields, or did not return any response or a relevant response.

**Request for Production 9**: Any and all agreements, including all amendments and supplements thereto, whether formal or informal, between Your office and the Ohio Bureau of Motor Vehicles ("BMV") regarding Your office's ability to access BMV records for purposes relating to voter registration list maintenance, and which were made or in effect at any time since September 1, 2023. This includes but is not limited to any amendments or supplements to such agreements as a result of, or subsequent to the implementation of, SB 293.

**Request for Production 10**: Documents sufficient to show which fields or other categories of voter information BMV has shared with or submitted to your office for the purpose of checking the citizenship status of individuals for voter registration list maintenance since September 1, 2023, including any additional fields or categories included as a result of, or subsequent to the implementation of, SB 293.

**Request for Production 11:** Documents sufficient to show the process for conducting reviews of the statewide voter registration database for citizenship status by submitting data to and consulting information from the BMV since September 1, 2023. This includes but is not limited to: the frequency of data sharing from Your office to the BMV and vice versa, the frequency of reviews of Ohio voter rolls using the BMV data or of BMV data to verify information in Ohio voter rolls, what categories of data are reviewed by Your office or the BMV for matches or mismatches between BMV data and other data sources, whether such reviews cover the entire voter registration database or just a portion, which categories of voter registration information are utilized to determine citizenship, any changes to the process as a result of SB 293, and any other part of the data sharing and review processes.

**Request for Production 12**: Any reports or other documents identifying Confirmed or Potential non-U.S. citizens based wholly or in part on BMV data that Your office has received or generated for the purpose of voter registration list maintenance since September 1, 2023, including but not limited to documents received or generated as a result of, or subsequent to the implementation of, SB 293.

**Request for Production 13**: For each of the reports referenced in Request for Production 12, documents showing the individuals reported to county boards of elections as Confirmed or Potential non-U.S. citizens since September 1, 2023.

**Request for Production 14**: Any notices, letters, or communications regarding voter registration that Your office has sent to any individuals who were identified as Confirmed or Potential non-U.S. citizens through BMV review since September 1, 2023.

a. For each such notice, documents sufficient to show the date that it was sent.

b. Documents or templates comprising or containing every version of any form of such notice.

c. Draft versions of any such templates.

**Request for Production 15**: Any lists containing the names and addresses of any person removed from Ohio's voter rolls since September 1, 2023 to the present on the basis that the person was suspected of not being a citizen, confirmed to not be a citizen, and/or had not timely confirmed their citizenship upon request.

**Request for Production 16**: Documents sufficient to show the process or processes Your office uses to determine who is sent a notice indicating possible removal of their voter registration for suspicion of non US-citizenship under the current or any previous iteration of Ohio Rev. Code Ann. § 3503.152 since September 1, 2023, including any changes as a result of, or subsequent to the implementation of, SB 293.

**Request for Production 17**: Communications relating or referring to the process or processes in Ohio Rev. Code Ann. § 3503.152 or previous iterations thereof between Your office and members of the media, members of the public, county boards of elections, or the Office of the Ohio Attorney General since September 1, 2023, including but not limited to communications related to any changes as a result of SB 293.

**Request for Production 18**: Communications regarding any individual identified as a Confirmed or Potential non-U.S. citizens, notified regarding their suspected non-US citizenship, or removed for suspicion of being a non-US citizen through the review of the voter registration database since September 1, 2023. This includes communications: (a) between Your office and other election officials in Ohio, including county Boards of Elections; (b) internal to Your office; and (c) between Your office and constituents, members of the public, the federal government, media, or any other third-party actors.

**Request for Production 19**: Communications regarding SB 293's provisions for comparing citizenship information between Ohio voter rolls and the BMV database or SAVE system received by or sent from your office, including but not limited to communications with: any member of, or employee of, or consultant for the Ohio state legislature; any county board of elections; any part of the federal government; the Office of the Ohio Attorney General; the Ohio BMV; or constituents or other members of the public.

**Request for Production 20**: Communications internal to Your office regarding SB 293's provisions for comparing citizenship information between Ohio voter rolls and the BMV database or SAVE system.

**Request for Production 21**: Any and all Documents or communications discussing or relating to the development, implementation, revision, rationale, and/or enforcement of SB 293's provisions regarding citizenship data matching with the BMV database or SAVE system, including but not limited to any discussion about compliance with the National Voter Registration Act.

**Request for Production 22**: All documents Your office has shared since September 1, 2023 with other election officials in Ohio, such as county boards of elections, providing training, guidance, or instructions regarding individuals in the voter registration database identified through BMV, SAVE, or other external data as Confirmed or Potential non-U.S. citizens. This includes, but is not limited to, any guidance, instructions, or training about: (a) communications with such individuals

regarding their voter registration, (b) communications with county boards of elections or any other entity regarding changes that should be made to such individuals' voter registration statuses, and c) any changes made to these processes as a result of, or subsequent to the implementation of, SB 293.

**Request for Production 23:** All Documents and communications relied upon or referred to while responding to Plaintiffs' First Set of Interrogatories.

Dated: June 18, 2026

Respectfully submitted,

/s/ *Freda J. Levenson*
Freda J. Levenson (0045916)
(*Trial Attorney*)
Amy Gilbert (0100887)
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
Cleveland, Ohio 44103
(216) 541-1376
flevenson@acluohio.org
agilbert@acluohio.org

David J. Carey (0088787)
Carlen Zhang-D'Souza (0093079)
ACLU OF OHIO FOUNDATION, INC.
1108 City Park Avenue, Suite 203
Columbus, Ohio 43206
(380) 215-1972
dcarey@acluohio.org
czhangdsouza@acluohio.org

Davin Rosborough*
Ethan Herenstein*
Nina Nayiri McKay*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org
eherenstein@aclu.org
nmckay@aclu.org
slakin@aclu.org

Patricia J. Yan*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. NW
Washington, DC 20001
(202) 457-0800
pyan@aclu.org

Anna Baldwin*
Sejal Jhaveri (NY Bar. # 5396304)
Kate Hamilton*
Kate Uyeda*
Brendan Nigro*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
abaldwin@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
kuyeda@campaignlegalcenter.org
bnigro@campaignlegalcenter.org

*Admitted *pro hac vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, a copy of the foregoing was served via e-mail on counsel who have entered an appearance by operation of the Court's electronic filing system.

/s/ *Davin Rosborough*__________
Davin Rosborough

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LEAGUE OF WOMEN VOTERS OF OHIO, and COUNCIL ON AMERICAN-ISLAMIC RELATIONS – NORTHERN OHIO,** | : | **Case No. 2:26-cv-00177** |
| **Plaintiffs,** | : | **Judge Michael H. Watson** |
| **v.** | : | **Mag. Judge S. Courter M. Shimeall** |
| **FRANK LAROSE, in his official capacity as Ohio Secretary of State,** | : | |
| **Defendant.** | : | |

---

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

---

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Frank LaRose responds to Plaintiffs' First Requests for Production of Documents as follows.

These Responses and Objections are limited to the information obtained and reviewed to date and are given without prejudice to Defendant's right to amend or supplement any objection or response after considering information obtained or reviewed in the future. These Responses and Objections should not be interpreted as an admission to the existence of the requested documents. Defendant reserves the right to object to the admissibility of any documents or information produced in response to Plaintiffs' requests. Defendant submits these Responses and Objections without conceding the relevance, materiality, or admissibility of the subject matter of any document or information.

**GENERAL OBJECTIONS**

Defendant makes the following general objections, which apply to each request for

production regardless of whether they are expressly incorporated into the specific objections below:

1. Defendant objects to each and every request for production to the extent it seeks to impose any requirements or obligations on Defendant different from the Federal Rules of Civil Procedure, the Local Rules, any agreement of the parties, or any other statute, rule, or order of this Court.

2. Defendant objects to each and every request for production to the extent it does not describe with reasonable particularity each item or category of items to be inspected as required by Rule 34 of the Federal Rules of Civil Procedure.

3. Defendant objects to each and every request for production to the extent it is overly broad, unduly burdensome, vague, duplicative, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

4. Defendant objects to each and every request for production to the extent that it lacks particularity and seeks information on or production of "any" or "all" materials responsive to a particular description where the production of "any" or "all" such information or materials is not relevant to any claim or defense of any party or to the subject matter involved in this action and/or where the search for, collection of, or production of all such information or materials would be unduly burdensome. Defendant will conduct a diligent, good-faith search for information or materials responsive to the requests for production within the requirements of applicable law.

5. Defendant objects to each and every request for production that makes requests for information on "any" or "all" materials or communications "regarding" a particular topic, because identifying and collecting all materials containing any reference or relationship to a particular topic is unduly burdensome and disproportionate to the needs of the case.

6. Defendant objects to each and every request for production to the extent that it seeks information or materials protected by the attorney-client privilege, the work-product doctrine, legislative privilege, the joint-defense or common-interest privilege, or any other applicable privilege or immunity, including the First Amendment. *Int'l Action Ctr. v. United States*, 207 F.R.D. 1, 3 (D.D.C. 2002); *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 454-55 (D.D.C. 2002). Inadvertent disclosure of any such document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document, the subject matter thereof, or other documents, and shall not waive the right of Defendant to object to the use of any such documents or information contained therein in this action or in any other proceeding. Nothing in these Responses is intended to be, or should be construed as, a waiver of any privilege.

7. Defendant objects to each and every request for production to the extent that it seeks information or materials that are not relevant to the claims made concerning Ohio Rev. Code § 3503.152.

8. Defendant objects to each and every request for production to the extent that it seeks information or materials from any time period that is not relevant to the claims or defenses of any party in this action and are thus beyond the permissible scope of discovery as provided by the Federal Rules.

9. Defendant objects to each and every request for production to the extent that responding to it would cause annoyance, harassment, embarrassment, oppression, or undue burden, delay, or expense.

10. Defendant objects to each and every request for production to the extent that it calls for legal conclusions.

11. Defendant objects to each and every request for production to the extent that it seeks

information not in Defendant's possession, custody, or control.

12. Defendant objects to each and every request for production to the extent that it seeks information that is publicly available; already in Plaintiffs' possession; equally available, or more available, to Plaintiffs; or in the possession or control of third parties.

13. Defendant objects to each and every request for production to the extent that it seeks to require Defendant to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

14. Defendant objects to each and every request for production to the extent it is confusing, ambiguous, or vague.

15. Defendant expressly reserves all objections as to competency, relevancy, materiality, and admissibility of the answers contained herein and any objections to future discovery requests.

16. Defendant expressly reserves the right to alter, amend, revise, and/or supplement these responses. No response shall be construed as a waiver of any further objection.

**OBJECTIONS TO DEFINITIONS**

1. Defendant objects to the definitions of "You" and "your" as overly broad and unduly burdensome because they include all subdivisions and agents of the Secretary of State's Office. These definitions are overbroad, require Defendant to ascertain the identities of potentially hundreds of individuals, and seek information that is not proportional to the needs of the case.

**2.** Defendant objects to Plaintiffs' definitions of "document," "Electronically Stored Information," "ESI," "communication," "correspondence," "concerning,"

"reflecting," "regarding," "related to," and "item," as overly broad and unduly burdensome to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

3. Defendant objects to the definition of "Potential non-U.S. citizen" because it is wholly unrelated to the process described in Ohio Rev. Code § 3503.152(A), the statute at issue here, or to any other process or term used in Title 35 of the Revised Code. Defendant further objects to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

4. Defendant objects to the definition of "Confirmed non-U.S. citizen" because it is wholly unrelated to the process described in Ohio Rev. Code § 3503.152(A), the statute at issue here, or to any other process or term used in Title 35 of the Revised Code. Defendant further objects to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

5. Defendant objects to the definitions of "policies, procedures, and training materials" insofar as it purports to include "directives," a term defined by Ohio Rev. Code § 3501.053, as part of the definition. Defendant further objects to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production 1**: Copies of any and all final agreements, including all amendments and supplements thereto, whether formal or informal, between Your office and the federal government, including the United States Department of Homeland Security ("DHS") and its United States Citizenship and Immigration Services ("USCIS") agency, regarding Your office's ability to access the federal Systematic Alien Verification for Entitlements ("SAVE") system and/or any other federal databases, including but not limited to the United States Social Security Administration ("SSA") database, for purposes relating to voter registration list maintenance, and which were made, or in effect at any time, since April 1, 2025. This includes but is not limited to any amendments or supplements to such agreements as a result of SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this Request as overly broad and unduly

burdensome because it requires Defendant to search for and produce documents related to federal databases other than the SAVE system, which is the sole federal database relevant to Plaintiffs' claims in this case. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it requires Defendant to make judgments calls as to whether a document constitutes an "informal" agreement.

Subject to and without waiving these objections, see documents produced.

**Request for Production 2**: Communications between Your office and DHS, USCIS, or the United States Department of Justice regarding Your office's ability to access the SAVE system and/or any other federal databases, including but not limited to the SSA database, for purposes relating to voter registration list maintenance since April 1, 2025.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this Request as overly broad and unduly burdensome because it requires Defendant to search for and produce documents related to federal databases other than the SAVE system, which is the sole federal database relevant to Plaintiffs' claims in this case. Defendant further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case because it requires Defendant to search for and produce all communications regarding Defendant's ability to access any federal system for voter registration list maintenance, no matter how tangentially related to Ohio Rev. Code 3503.152 or to the claims in this case.

Subject to and without waiving these objections, see documents produced.

**Request for Production 3**: Documents sufficient to show the process for conducting reviews of the statewide voter registration database for citizenship status by submitting data to and consulting the SAVE system since April 1, 2025, including but not limited to: the output returned from SAVE for each Ohio voter run through the system, the frequency of data sharing from Your office to DHS or USCIS and vice versa, the frequency of reviews of Ohio voter rolls using the SAVE system or of SAVE data to verify information in Ohio voter rolls, what categories of data are submitted, what

portions of Ohio's voter registration database are reviewed by Ohio or federal officials and compared with SAVE data at each stage of the review process (or whether the entirety of Ohio's voter registration database is so reviewed and by whom), which categories of voter registration information Ohio or federal officials utilize to determine citizenship, whether federal or state officials utilize the "Bulk Uploader" feature of the SAVE system, and any other part of the data sharing and review processes.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant objects to this request as unduly vague because it requires Defendant to determine whether a document or set of documents is "sufficient to show" a particular process. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026.

Subject to and without waiving these objections, see documents produced.

**Request for Production 4:** Documents sufficient to show any changes to the processes referenced in Request for Production 3 as a result of, or subsequent to the implementation of, SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant objects to this request as unduly vague because it requires Defendant to determine whether a document or set of documents is "sufficient to show" a particular process or how that process changed. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026.

Subject to and without waiving these objections, see documents produced.

**Request for Production 5**: All reports that Your office has generated through the SAVE system, or received from federal officials using the SAVE system, in response to queries, or that contain information, about individuals' citizenship status for purposes of voter registration since April 1, 2025.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this Request as overly broad and unduly burdensome because it requires Defendant to search for and produce documents from unidentified and unnamed "federal officials" that may "contain" any information about any individual's citizenship status, regardless of whether such documents relate to SAVE or to the statutory process at issue here. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks reports generated through the SAVE system before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026.

Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case. As set forth in Defendant's answer to Interrogatory 2, Defendant uploads information from the entire SWVRD, which includes 7.9 million registered voters, to SAVE every month. SAVE then generates a response report containing confidential and personal information, including social security numbers, dates of birth, addresses, and other information, for all 7.9 million registered Ohio voters. The burden of reviewing and redacting confidential information for 7.9 million registered voters, and ensuring that Plaintiffs can adequately protect the information produced, far exceeds its relevance to this case.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Although Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152, Plaintiffs request a large volume of records to attempt to identify such an individual. Further, the names and identifying information of individuals involved in the process set forth in Ohio Rev. Code § 3503.152 are not relevant to the Plaintiffs' claims, which all challenge

the *method* by which the section is administered, or to their theory of standing in this case. The fact that Defendant reviews information from SAVE is not in dispute. Plaintiffs can obtain information about the process of obtaining information from SAVE through less burdensome means that do not involve disclosing the identity and information of millions of Ohio voters.

**Request for Production 6**: For each of the reports referenced in Request for Production 5, documents showing the individuals reported to county boards of elections as Confirmed or Potential non-U.S. citizens since April 1, 2025.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, vague, ambiguous, and nonsensical because "Confirmed non-U.S. citizen" and "Potential non-U.S. citizen" are not terms that correspond to the process described in Ohio Rev. Code § 3503.152, the statute at issue in this case. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks reports of individuals reported to county boards of elections as non-citizens before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the names and identifying information of individuals identified for removal under the process set forth in Ohio Rev. Code § 3503.152 are not relevant to the Plaintiffs' claims, which all challenge the *method* by which the section is administered, or to their theory of standing in this case. The fact

that Defendant reports individuals to the county boards of elections for removal is not in dispute; it is statutorily required. Plaintiffs can obtain information about the process of reporting these individuals to the county boards of elections through less burdensome means that do not involve disclosing the identity and confidential information of individuals, particularly those individuals who are subsequently referred for investigation under Ohio Rev. Code § 3503.152(B)(2).

**Request for Production 7**: Any notices, letters, or communications regarding voter registration that Your office has sent to any individuals who were identified as Confirmed or Potential non-U.S. citizens through a comparison of Ohio's voter registration database, or data therefrom, with the SAVE system, or data therefrom, since April 1, 2025.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, vague, ambiguous, and nonsensical because "Confirmed non-U.S. citizen" and "Potential non-U.S. citizen" are not terms that correspond to the process described in Ohio Rev. Code § 3503.152, the statute at issue in this case. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks notices, letters and communications sent to individuals reported to county boards of elections as non-citizens before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the

names and identifying information of individuals identified for removal under the process set forth in Ohio Rev. Code § 3503.152 are not relevant to the Plaintiffs' claims, which all challenge the *method* by which the section is administered, or to their theory of standing in this case. Plaintiffs can obtain information about the process of sending notices or letters to individuals removed under Ohio Rev. Code § 3503.152 through less burdensome means that do not involve disclosing the identity and confidential information of individuals, particularly those individuals who are subsequently referred for investigation under Ohio Rev. Code § 3503.152(B)(2).

Subject to and without waiving these objections, see documents produced.

**Request for Production 8**: Documents identifying any individuals whose information was shared with or submitted to SSA or USCIS or otherwise used to make a query through the SAVE system to check the individual's citizenship status for voter registration list maintenance since April 1, 2025, but whose information was unable to be processed, returned a response with missing fields, or did not return any response or a relevant response.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents identifying individuals whose information was unable to be processed before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents relating to individuals who were *not* identified as non-citizens under the process set forth in Ohio Rev. Code § 3503.152 and whose registrations were therefore not cancelled under that statute.

Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case. As set forth in Defendant's answer to Interrogatory 2, Defendant uploads information from the entire SWVRD, which includes 7.9 million registered voters, to SAVE every month. SAVE then generates a response report containing confidential and

personal information, including social security numbers, dates of birth, addresses, and other information, for all 7.9 million registered Ohio voters. The burden of reviewing and redacting confidential information for 7.9 million registered voters, and ensuring that Plaintiffs can adequately protect the information produced, far exceeds its relevance to this case.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the names and identifying information of individuals whose information could not be processed are not relevant to the Plaintiffs' claims, which all challenge the *method* by which the section is administered, or to their theory of standing in this case. Plaintiffs can obtain information about the method of administering the process under Ohio Rev. Code § 3503.152 for individuals whose information cannot be processed through less burdensome means that do not involve disclosing the identity and confidential information of individuals.

**Request for Production 9**: Any and all agreements, including all amendments and supplements thereto, whether formal or informal, between Your office and the Ohio Bureau of Motor Vehicles ("BMV") regarding Your office's ability to access BMV records for purposes relating to voter registration list maintenance, and which were made or in effect at any time since September 1, 2023. This includes but is not limited to any amendments or supplements to such agreements as a result of, or subsequent to the implementation of, SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. This request is overly broad, unduly burdensome, and not proportional to the needs of this case because it requires Defendant to make judgments calls as to whether a document

constitutes an "informal" agreement. This request is overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks formal and informal agreements with the BMV about matters other than the process set forth in Ohio Rev. Code § 3503.152, the sole statute at issue in this case.

Subject to and without waiving these objections, see documents produced.

**Request for Production 10**: Documents sufficient to show which fields or other categories of voter information BMV has shared with or submitted to your office for the purpose of checking the citizenship status of individuals for voter registration list maintenance since September 1, 2023, including any additional fields or categories included as a result of, or subsequent to the implementation of, SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant objects to this request as unduly vague because it requires Defendant to determine whether a document or set of documents is "sufficient to show" a particular process. This request is overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents unrelated to the process set forth in Ohio Rev. Code § 3503.152, the sole statute at issue in this case.

Subject to and without waiving these objections, see documents produced.

**Request for Production 11:** Documents sufficient to show the process for conducting reviews of the statewide voter registration database for citizenship status by submitting data to and consulting information from the BMV since September 1, 2023. This includes but is not limited to: the frequency of data sharing from Your office to the BMV and vice versa, the frequency of reviews of Ohio voter rolls using the BMV data or of BMV data to verify information in Ohio voter rolls, what categories of data are reviewed by Your office or the BMV for matches or mismatches between BMV data and other data sources, whether such reviews cover the entire voter registration database or just a portion, which categories of voter registration information are utilized to determine citizenship, any changes to the process as a result of SB 293, and any other part of the data sharing and review processes.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, unduly burdensome,

and not proportional to the needs of this case because it seeks documents relating to reviews performed before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it asks for documents relating to reviews performed based on BMV data alone, which does not reflect the process set forth in Ohio Rev. Code § 3503.152. Defendant objects to this request as unduly vague because it requires Defendant to determine whether a document or set of documents is "sufficient to show" a particular process. This request is overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents unrelated to the process set forth in Ohio Rev. Code § 3503.152.

Subject to and without waiving these objections, see documents produced.

**Request for Production 12**: Any reports or other documents identifying Confirmed or Potential non-U.S. citizens based wholly or in part on BMV data that Your office has received or generated for the purpose of voter registration list maintenance since September 1, 2023, including but not limited to documents received or generated as a result of, or subsequent to the implementation of, SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, vague, ambiguous, and nonsensical because "Confirmed non-U.S. citizen" and "Potential non-U.S. citizen" are not terms that correspond to the process described in Ohio Rev. Code § 3503.152, the statute at issue in this case. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents identifying individuals identified as non-citizens before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it asks for documents relating to individuals identified as U.S. citizens based

"wholly" on BMV data, which does not reflect the process set forth in Ohio Rev. Code § 3503.152. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks reports generated during list maintenance procedures other than those set forth in Ohio Rev. Code § 3503.152.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the names and identifying information of individuals identified for removal based on BMV data are not relevant to the Plaintiffs' claims, which all challenge the *method* by which Ohio Rev. Code § 3503.152 is administered, or to their theory of standing in this case. Plaintiffs can obtain information about the process of removing individuals based on BMV data through less burdensome means that do not involve disclosing the identity and confidential information of individuals, particularly those individuals who are subsequently referred for investigation under Ohio Rev. Code § 3503.152(B)(2).

**Request for Production 13**: For each of the reports referenced in Request for Production 12, documents showing the individuals reported to county boards of elections as Confirmed or Potential non-U.S. citizens since September 1, 2023.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, vague, ambiguous, and nonsensical because "Confirmed non-U.S. citizen" and "Potential non-U.S. citizen" are not terms that correspond to the process described in Ohio Rev. Code § 3503.152, the statute at issue

in this case. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents identifying individuals identified as non-citizens before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it asks for documents relating to individuals identified as U.S. citizens based "wholly" on BMV data, which does not reflect the process set forth in Ohio Rev. Code § 3503.152. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks reports generated during list maintenance procedures other than those set forth in Ohio Rev. Code § 3503.152.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the names and identifying information of individuals identified for removal based on BMV data are not relevant to the Plaintiffs' claims, which all challenge the *method* by which Ohio Rev. Code § 3503.152 is administered, or to their theory of standing in this case. Plaintiffs can obtain information about the process of removing individuals based on BMV data through less burdensome means that do not involve disclosing the identity and confidential information of individuals, particularly those individuals who are subsequently referred for investigation under Ohio Rev. Code § 3503.152(B)(2).

**Request for Production 14**: Any notices, letters, or communications regarding voter registration that Your office has sent to any individuals who were identified as Confirmed or Potential non-U.S. citizens through BMV review since September 1, 2023.

a. For each such notice, documents sufficient to show the date that it was sent.

b. Documents or templates comprising or containing every version of any form of such notice.

c. Draft versions of any such templates.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, vague, ambiguous, and nonsensical because "Confirmed non-U.S. citizen" and "Potential non-U.S. citizen" are not terms that correspond to the process described in Ohio Rev. Code § 3503.152, the statute at issue in this case. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents identifying individuals identified as non-citizens before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it asks for documents relating to individuals identified as U.S. citizens based on BMV data, which does not reflect the process set forth in Ohio Rev. Code § 3503.152.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the names and identifying information of individuals receiving letters or notices after the cancellation of their registrations are not relevant to the Plaintiffs' claims, which all challenge the *method* by

which Ohio Rev. Code § 3503.152 is administered, or to their theory of standing in this case. Plaintiffs can obtain information about the process of notifying individuals about the cancellation of their voter registrations through less burdensome means that do not involve disclosing the identity and confidential information of individuals, particularly those individuals who are subsequently referred for investigation under Ohio Rev. Code § 3503.152(B)(2).

Subject to and without waiving these objections, see documents produced.

**Request for Production 15**: Any lists containing the names and addresses of any person removed from Ohio's voter rolls since September 1, 2023 to the present on the basis that the person was suspected of not being a citizen, confirmed to not be a citizen, and/or had not timely confirmed their citizenship upon request.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents identifying individuals who were removed from Ohio's voter rolls, not because of the statutory process in Ohio Rev. Code § 3503.152, but because the person was "suspected of not being a citizen, confirmed not to be a citizen, and/or had not timely confirmed their citizenship upon request." Because this is a challenge to the process described in Ohio Rev. Code § 3503.152, the burden of searching for and producing responsive documents for individuals removed under some other, ill-defined processes is not proportional to the needs of this case.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code

§ 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the names and identifying information of individuals identified for removal based on non-citizenship are not relevant to the Plaintiffs' claims, which all challenge the *method* by which Ohio Rev. Code § 3503.152 is administered, or to their theory of standing in this case. Plaintiffs can obtain information about the process of removing individuals for non-citizenship through less burdensome means that do not involve disclosing the identity and confidential information of individuals, particularly those individuals who are subsequently referred for investigation under Ohio Rev. Code § 3503.152(B)(2).

**Request for Production 16**: Documents sufficient to show the process or processes Your office uses to determine who is sent a notice indicating possible removal of their voter registration for suspicion of non US-citizenship under the current or any previous iteration of Ohio Rev. Code Ann. § 3503.152 since September 1, 2023, including any changes as a result of, or subsequent to the implementation of, SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant objects to this request as unduly vague because it requires Defendant to determine whether a document or set of documents is "sufficient to show" a particular process. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks documents before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026.

Subject to and without waiving these objections, see documents produced.

**Request for Production 17**: Communications relating or referring to the process or processes in Ohio Rev. Code Ann. § 3503.152 or previous iterations thereof between Your office and members of the media, members of the public, county boards of elections, or the Office of the Ohio Attorney General since September 1, 2023, including but not limited to communications related to any changes as a result of SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant objects to this request as specifically seeking privileged communications between Defendant and the Ohio Attorney General. Defendant further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks communications about processes in place before S.B. 293's revisions to Ohio Rev. Code § 3503.152 took effect on March 20, 2026. This request is overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks all communications relating to or referring to Ohio Rev. Code § 3503.152, including records that would identify the identities and confidential information of Ohio's registered voters, no matter how tangentially related to the claims in this case. To respond to this request, Defendant would need to search the records of the entire office and conduct individualized reviews to determine whether any content in the record somehow "relates" or "refers" to Ohio Rev. Code § 3503.152, even if they are wholly unrelated to the claims made in this case. The burden of conducting such a document-by-document review far outweighs any potential benefit.

Subject to and without waiving these objections, see documents produced.

**Request for Production 18**: Communications regarding any individual identified as a Confirmed or Potential non-U.S. citizens, notified regarding their suspected non-US citizenship, or removed for suspicion of being a non-US citizen through the review of the voter registration database since September 1, 2023. This includes communications: (a) between Your office and other election officials in Ohio, including county Boards of Elections; (b) internal to Your office; and (c) between Your office and constituents, members of the public, the federal government, media, or any other third-party actors.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, vague, ambiguous, and nonsensical because "Confirmed non-U.S. citizen" and "Potential non-U.S. citizen" are not terms

that correspond to the process described in Ohio Rev. Code § 3503.152, the statute at issue in this case. This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks communications regarding individuals who received notifications of "suspected non-U.S. citizenship" and communications regarding individuals who were removed for "suspicion of being non-U.S. citizens." Because this is a challenge to the process described in Ohio Rev. Code § 3503.152, the burden of searching for and producing communications relating to individuals removed under some other, ill-defined processes is not proportional to the needs of this case.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Although Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152, Plaintiffs request a large volume of records to attempt to identify such an individual. Further, the names and identifying information of individuals involved in the process set forth in Ohio Rev. Code § 3503.152 are not relevant to the Plaintiffs' claims, which all challenge the *method* by which the section is administered, or to their theory of standing in this case.

**Request for Production 19**: Communications regarding SB 293's provisions for comparing citizenship information between Ohio voter rolls and the BMV database or SAVE system received by or sent from your office, including but not limited to communications with: any member of, or employee of, or consultant for the Ohio state legislature; any county board of elections; any part of the federal government; the Office of the Ohio Attorney General; the Ohio BMV; or constituents or other members of the public.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant objects to this request as specifically seeking privileged communications between Defendant and the Ohio Attorney General. Defendant further objects to

this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks all communications regarding S.B. 293, including records that would identify the identities and confidential information of Ohio's registered voters, no matter how tangentially related to the claims in this case. The request is also overly broad and unduly burdensome because it includes communications with ill-defined entities like "any part of the federal government" or "constituents" or "other members of the public." Essentially, the request seeks every communication sent to or received by Defendant's office "regarding" S.B. 293 without limitation.

Subject to and without waiving these objections, see documents produced.

**Request for Production 20**: Communications internal to Your office regarding SB 293's provisions for comparing citizenship information between Ohio voter rolls and the BMV database or SAVE system.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks all communications regarding S.B. 293, including records that would identify the identities and confidential information of Ohio's registered voters, no matter how tangentially related to the claims in this case. To respond to this request, Defendant would need to search the records of the entire office and conduct individualized reviews to determine whether any content in the record somehow "regards" S.B. 293, even if the records are wholly unrelated to the claims made in this case. The burden of conducting such a document-by-document review far outweighs any potential benefit.

Subject to and without waiving these objections, see documents produced.

**Request for Production 21**: Any and all Documents or communications discussing or relating to the development, implementation, revision, rationale, and/or enforcement of SB 293's provisions regarding citizenship data matching with the BMV database or SAVE system, including but not limited to any discussion about compliance with the National Voter Registration Act.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. This request is overly broad, unduly burdensome, and not proportional to the needs of this case because it seeks all communications relating to or referring to S.B. 293, including records that would identify the identities and confidential information of Ohio's registered voters, no matter how tangentially related to the claims in this case. To respond to this request, Defendant would need to search the records of the entire office and conduct individualized reviews to determine whether any content in the record somehow "relates" or "refers" to S.B. 293, even if the records are wholly unrelated to the claims made in this case. The burden of conducting such a document-by-document review far outweighs any potential benefit.

Subject to and without waiving these objections, see documents produced.

**Request for Production 22**: All documents Your office has shared since September 1, 2023 with other election officials in Ohio, such as county boards of elections, providing training, guidance, or instructions regarding individuals in the voter registration database identified through BMV, SAVE, or other external data as Confirmed or Potential non-U.S. citizens. This includes, but is not limited to, any guidance, instructions, or training about: (a) communications with such individuals regarding their voter registration, (b) communications with county boards of elections or any other entity regarding changes that should be made to such individuals' voter registration statuses, and c) any changes made to these processes as a result of, or subsequent to the implementation of, SB 293.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant further objects to this request as overly broad, vague, ambiguous, and nonsensical because "Confirmed non-U.S. citizen" and "Potential non-U.S. citizen" are not terms that correspond to the process described in Ohio Rev. Code § 3503.152, the statute at issue in this case. This request is also overly broad, unduly burdensome, and not proportional to the needs of

this case because it requests documents relating to individuals identified as non-citizens through "other external data" unrelated to the process set forth in Ohio Rev. Code § 3503.152.

This request is also overly broad, unduly burdensome, and not proportional to the needs of this case because it amounts to a fishing expedition to identify a plaintiff affected by S.B. 293's revisions to Ohio Rev. Code § 3503.152. Plaintiffs' complaint includes no allegation that any person has been incorrectly identified as a noncitizen under S.B. 293's revisions to Ohio Rev. Code § 3503.152. The burden of searching for, redacting, and producing the requested records therefore exceeds their minimal relevance to the claims as pleaded in Plaintiffs' complaint. Further, the names and identifying information of individuals identified for removal under the process set forth in Ohio Rev. Code § 3503.152 are not relevant to the Plaintiffs' claims, which all challenge the *method* by which the section is administered, or to their theory of standing in this case. The fact that Defendant communicates with the county boards of elections about individuals to be removed under Ohio Rev. Code § 3503.152; it is statutorily required. Plaintiffs can obtain information about the process of reporting these individuals to the county boards of elections through less burdensome means that do not involve disclosing the identity and confidential information of individuals, particularly those individuals who are subsequently referred for investigation under Ohio Rev. Code § 3503.152(B)(2).

Subject to and without waiving these objections, see documents produced.

**Request for Production 23:** All Documents and communications relied upon or referred to while responding to Plaintiffs' First Set of Interrogatories.

**RESPONSE:** Defendant incorporates all General Objections and Objections to Definitions as if set forth herein. Defendant incorporates all objections from his answers and objections to Plaintiffs' first set of interrogatories.

Subject to and without waiving these objections, see documents produced.

Respectfully submitted,

D. ANDREW WILSON
Ohio Attorney General

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)*
**Counsel of Record*
JULIE M. PFEIFFER (0069792)
STEPHEN P. TABATOWSKI (0099175)
GREGORY A. RUSTICO (0104103)
TYLER W. BLAIR (0095595)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
Ann.Yackshaw@OhioAGO.gov
Julie.Pfeiffer@OhioAGO.gov
Stephen.Tabatowski@OhioAGO.gov
Gregory.Rustico@OhioAGO.gov
Tyler.Blair@OhioAGO.gov

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, the foregoing was emailed to counsel of record.

*/s/ Ann Yackshaw*
ANN YACKSHAW (0090623)
Assistant Attorney General