**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO, *et al.*, | : | |
| | : | Case No. 2:26-cv-00177 |
| Plaintiffs, | : | |
| | : | Judge Watson |
| v. | : | |
| | : | Magistrate Judge Shimeall |
| FRANK LAROSE, in his official capacity As Secretary of State of Ohio, | : | |
| | : | |
| Defendant. | : | |

**PROTECTIVE ORDER GOVERNING FRANKLIN COUNTY BOARD OF ELECTIONS' PRODUCTION OF CONFIDENTIAL VOTER INFORMATION**

Upon the joint request of Plaintiffs and non-party Franklin County Board of Elections (the "Board"), and after Plaintiffs obtained the consent of Defendant, the Court **ORDERS** as follows:

**1. Scope.** This Order applies solely to documents, electronically stored information, and testimony produced or provided by the Board in response to the subpoena served on it on June 22, 2026, in the above-captioned action (the "Action"), that the Board designates "CONFIDENTIAL – FCBOE VOTER INFORMATION" in accordance with this Order ("BOE Protected Material"). BOE Protected Material includes copies, excerpts, summaries, and information derived from designated material. This Order does not govern discovery produced by any party or non-party other than the Board, or Board material that does not contain Confidential Voter Information as defined below.

**2. Purpose.** The purpose of this Order is to permit production of responsive Board records while protecting identified voters from unnecessary disclosure, misuse, privacy harm, security risk, and reputational harm.

3. **Disclosure Defined.** As used in this Order, "disclose" and "disclosure" mean to reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate BOE Protected Material. The restrictions on disclosure apply regardless of the manner or medium of communication.

4. **Designation By The Board.** Designation is limited to the Board and to the materials described in Paragraph 4(a).

a. **Designating Material As Confidential:** Only the Board may designate material under this Order, and only upon a good-faith determination that the material contains "Confidential Voter Information." Confidential Voter Information means: (1) a list or record identifying a person as a potential, suspected, or alleged noncitizen; (2) information linked to an identified voter concerning registration status or history, removal or cancellation, eligibility, citizenship review, or a referral to a governmental or law-enforcement entity; (3) a date of birth, voter-identification number, telephone number, email address, protected residential address, Social Security number, driver's-license or state-identification number, or other field excluded from public disclosure under Ohio Revised Code § 3503.13(A)(2) or other applicable law; (4) proof of citizenship; (5) information obtained from, generated by, or reflecting a query or result from the Systematic Alien Verification for Entitlements ("SAVE") program concerning a specific voter or voters; and (6) a notice or communication to or from an identified voter regarding citizenship, eligibility, registration, cancellation, or restoration. Information available publicly in isolation may qualify when its compilation, context, or association identifies a person as a potential noncitizen or reveals citizenship-verification activity, a SAVE result, a citizenship-based cancellation, or a related governmental referral. The designation does

not establish that the material is protected from disclosure by any law other than this Order.

**b. Withholding confidential Material.**

The Board shall redact Social Security numbers, driver's-license numbers, and state-identification numbers from documents produced in response to the subpoena served on it on June 22, 2026. Nothing in this Order prevents the Board from fully redacting Social Security numbers, driver's-license numbers, or state-identification numbers.

**5. Form and Timing Of Designation.** The Board shall designate BOE Protected Material as follows:

**a. Documents And Written Materials.** The Board shall mark each page, where practicable, "CONFIDENTIAL – FCBOE VOTER INFORMATION." The marking shall not obscure legibility. The Board may redact information that is not responsive, is privileged, or may not lawfully be disclosed; this Order does not require an unredacted production.

**b. Electronically Stored Information ("ESI"):** For native files or other ESI that cannot practicably be page-marked, the Board may place the designation in the filename, on a slip sheet, in production metadata, or in a transmittal identifying the applicable files or Bates range.

**c. Deposition Testimony.** Testimony may be designated only to the extent it reveals BOE Protected Material. The Board may designate such testimony on the record or by written notice identifying the protected pages and lines within 21 days after receiving the transcript. Until that period expires, testimony concerning Board voter records shall be treated as BOE Protected Material.

**6. Limitation Of Use.** BOE Protected Material is subject to the following use and

disclosure restrictions:

**a. General Protections.** BOE Protected Material shall not be used for reasons unrelated to this Action. It shall not be used outside this Action for public communications, media outreach, fundraising, advocacy, political or commercial activity, or referral to law enforcement or another governmental body. The Board may use or disclose its own records as authorized by law, but nothing in this Order independently authorizes the Board to disclose information restricted by law. Nothing in this Order restricts the use or disclosure of information lawfully obtained independently of the Board's production, provided the recipient does not disclose that the information appears in, or was derived from, BOE Protected Material.

**b. Authorized Recipients.** BOE Protected Material may be disclosed only to the following persons, and only when access is reasonably necessary for this Action:

1. counsel of record for Plaintiffs and Defendant, and legal staff working under their supervision;

2. counsel for the Board, Board personnel assisting counsel with this Action, and legal staff working under counsel's supervision;

3. independent experts or consultants retained for this Action who have signed Attachment A;

4. the Court and its personnel;

5. court reporters and videographers engaged for this Action;

6. litigation-support, copying, database-hosting, and translation vendors whose access is necessary and whose personnel are contractually bound to confidentiality at least as protective as this Order;

7. the author or an original recipient of the material;

8. a party to this Action who is an individual, and officers, directors, employees, or representatives of a party that is not an individual, but only to the extent counsel determines that access is reasonably necessary for this Action and

after the recipient has signed Attachment A;

9. interviewees, potential witnesses, deponents, and hearing or trial witnesses, but only to the extent counsel reasonably determines disclosure is necessary, provided that disclosure is made in the presence of counsel, the recipient has signed Attachment A, and no copy is retained by the recipient;

10. any other person with the Board's written consent or by Court order entered after notice to the Board.

Before receiving BOE Protected Material, a person listed in Paragraph 6(b)(3), 6(b)(8), 6(b)(9), or 6(b)(10) shall sign Attachment A. Counsel disclosing the material shall retain the signed acknowledgment and provide it to the Board upon a reasonable request or Court order.

**7. Inadvertent Production.** Pursuant to Federal Rule of Evidence 502(d), disclosure in this Action of material protected by the attorney-client privilege or work-product protection shall not constitute a waiver of that privilege or protection in this or any other federal or state proceeding. Upon receiving notice that material was inadvertently produced, the receiving party shall promptly return, sequester, or destroy the material and any copies and shall not use or disclose it until the claim is resolved, consistent with Federal Rule of Civil Procedure 26(b)(5)(B).

**8. Filing BOE Protected Material.** A party seeking to file BOE Protected Material shall comply with applicable law and the Court's sealing procedures and shall provide the Board the prior written notice described below.

Any request to restrict public access must satisfy the Sixth Circuit's standards, including *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). This Order does not by itself authorize filing under seal.

At least fourteen days before filing BOE Protected Material, or as soon as practicable if a shorter deadline applies, the filing party shall identify the material to Board counsel so the Board

may seek redaction, sealing, or other relief. The filing party shall not publicly file the material while a timely request for protection remains pending.

**9. Attorneys Allowed To Provide Advice.** Counsel may advise a client about this Action based on BOE Protected Material but shall not disclose the material itself or identify an individual voter contrary to Paragraph 6.

**10. Excluding Others From Access.** When BOE Protected Material is discussed at a deposition, hearing, or conference, the Board or a party may request exclusion of persons not authorized under Paragraph 6. Nothing in this paragraph limits the Court's control over its proceedings.

**11. No Voluntary Disclosure To Other Entities.** No recipient may voluntarily disclose BOE Protected Material to any person, law-enforcement agency, regulatory body, or other governmental entity except as permitted by Paragraph 6, with the Board's written consent, or as otherwise required by law. A recipient served with legal process seeking the material shall promptly notify the Board, unless prohibited by law, and allow a reasonable opportunity to seek protection.

**12. Disputes As To Designations.** A party challenging a Board designation shall give written notice identifying the material and the grounds for challenge, then confer in good faith with Board counsel. If unresolved, the Board shall seek a ruling within 14 days after the parties conclude their conference, unless they agree to a different period. The Board bears the burden required by Federal Rule of Civil Procedure 26(c). The designation remains in effect until the Board withdraws it or the Court rules otherwise.

**13. Information Security Protections.** A recipient shall use reasonable administrative, technical, and physical safeguards to protect BOE Protected Material from unauthorized access,

use, or disclosure. The material shall be transmitted and stored using reasonable safeguards appropriate to its sensitivity, maintained behind access controls, and made accessible only to persons authorized by Paragraph 6. It shall not be placed in a publicly accessible location, transmitted in the body of or as an attachment to an unencrypted email, or uploaded to a publicly available generative-artificial-intelligence service or other system that lacks confidentiality and data-security protections appropriate for confidential litigation material.

A recipient discovering actual or reasonably suspected unauthorized access to BOE Protected Material shall notify Board counsel promptly and, absent impracticable circumstances, within 48 hours. The recipient shall reasonably investigate, contain, and remediate the incident; provide information sufficient for the Board to assess its nature and scope; and cooperate in protecting affected individuals. Notice is not an admission of fault or liability.

**14. All Trials Open To Public.** This Order alone does not authorize closing a hearing or trial or sealing the record. A party intending to present BOE Protected Material in a public proceeding shall notify Board counsel at least seven business days beforehand, when practicable, so the Board may seek appropriate relief.

**15. No Waiver Of Right To Object.** This Order does not waive or limit any objection by the Board or a party concerning scope, relevance, proportionality, burden, privilege, confidentiality, or legality. It does not compel production, require production in unredacted form, expand the subpoena, or authorize disclosure prohibited by law.

**16. No Determination Of Admissibility.** This Order does not determine admissibility or evidentiary foundation and does not waive any objection.

**17. No Admissions.** A designation, failure to designate, or agreement to this Order is not an admission concerning confidentiality, public-record status, citizenship, voter eligibility, registration status, or the truth of any allegation reflected in a Board record.

**18. No Prior Judicial Determination.** Entry of this Order is not a ruling that any particular Board record qualifies for protection or that any sealing request should be granted. Those issues remain subject to individualized review.

**19. Order Subject To Modification.** The Court may modify this Order on its own motion or on motion of the Board, a party, or another person with standing. The Board may seek to enforce or modify this Order concerning its material after completing production.

**20. Parties May Consent To Disclosure.** The Board may consent in writing to disclosure beyond this Order. The Court may also permit disclosure after notice to the Board and affected persons. Consent of the parties alone does not override a Board designation.

**21. Return Of Materials Upon Termination Of Litigation.** Within 60 days after final disposition of this Action, each recipient shall return or destroy BOE Protected Material, including copies, extracts, and summaries, and certify compliance upon the Board's written request. Counsel may retain one archival copy of filings, correspondence, work product, and materials necessary to document professional or legal obligations, subject to Paragraph 22. Inaccessible routine backup copies need not be deleted if they remain secure, are not restored or used except for disaster recovery, and are destroyed in the ordinary course. For purposes of this paragraph, "final disposition" means entry of a final judgment no longer subject to appeal or execution of an agreement resolving the Action.

**22. Counsel Allowed To Retain Copy Of Filings.** Archival materials containing BOE Protected Material remain subject to this Order, must be maintained securely, and may not be used

or disclosed in another matter. The Court retains jurisdiction to enforce this Order after final disposition.

**SO ORDERED.**

Dated: 10/13/2026

*/s/ S. Courter M. Shimeall*
U.S. Magistrate Judge

AGREED TO**:**

*/s/* Freda J. Levenson
Freda J. Levenson (0045916)
ACLU OF OHIO FOUNDATION, INC.
4506 Chester Avenue
Cleveland, Ohio 44103
(216) 541-1376
flevenson@acluohio.org

*/s/*Davin Rosborough
Davin Rosborough*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION 125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
drosborough@aclu.org

*/s/*Sejal Jhaveri
Sejal Jhaveri
CAMPAIGN LEGAL CENTER
1333 New Hampshire Ave., NW, Suite 300
Washington, DC 20036
(202) 736-2200
sjhaveri@campaignlegalcenter.org

*Admitted pro hac vice

**COUNSEL FOR PLAINTIFFS**

*/s/* Brian D. Zagrocki
Brian D. Zagrocki (0101970)
Assistant Prosecuting Attorney
373 South High Street, 13th Floor
Columbus, OH 43215
Tel: 614-525-7236
Fax: 614-525-6012
bzagrocki@franklincountyohio.gov

**COUNSEL FOR NON-PARTY FRANKLIN COUNTY BOARD OF ELECTIONS**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF OHIO, *et al.*, | : | |
| | : | Case No. 2:26-cv-00177 |
| Plaintiffs, | : | |
| | : | Judge Watson |
| v. | : | |
| | : | Magistrate Judge Shimeall |
| FRANK LAROSE, in his official capacity As Secretary of State of Ohio, | : | |
| | : | |
| Defendant. | : | |

**PROTECTIVE ORDER GOVERNING FRANKLIN COUNTY BOARD OF ELECTIONS' PRODUCTION OF CONFIDENTIAL VOTER INFORMATION**
**ATTACHMENT A**

The undersigned has read the Protective Order Governing Franklin County Board of Elections' Production of Confidential Voter Information, understands it, agrees to be bound by it, and submits to the jurisdiction of this Court for enforcement. The undersigned shall use material marked "CONFIDENTIAL – FCBOE VOTER INFORMATION" solely for this Action and shall not disclose it except as the Order permits.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ______________________________

Job Title: ______________________________

Employer: ______________________________

Business Address: ______________________________

______________________________

______________________________

______________________________

Date: ____________________ ______________________________
Signature